■ In the Matter of DENNIS TREMBLAY, Petitioner, v AR-THUR A. LEONARDO, as Superintendent of Great Meadow Correctional Facility, et al., Respondents.—Casey, J. P. Proceeding pursuant to CPLR article 78 (initiated in this court) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate in the State prison system, seeks to annul a determination that found him guilty of violating prison disciplinary rule 104.10, which prohibits actions intended to or resulting in the takeover of an area of a facility, and rule 104.12, which prohibits inmates from leading, organizing, participating in or urging others to participate in work stoppages, sit-ins, lock-ins or other actions detrimental to the order of a facility. The charges against petitioner arose out of a May 1990 inmate takeover of four yards at Attica Correctional Facility in Wyoming County. The misbehavior report, based upon the personal observations of the correction officer who prepared the report, alleges that petitioner began to clap his hands and urged other inmates in the yard to join in, which they did. Another correction officer also testified at the hearing that he saw petitioner in the yard clapping his hands and that other inmates joined in.

Petitioner concedes that the misbehavior report and testimony of the other correction officer constitute substantial evidence to support a finding that he participated in the disturbance. He contends, however, that the factual findings actually made by the Hearing Officer do not establish his guilt of violating the rules *(see, Matter of Taylor v Coughlin,* 158 AD2d 881). We disagree with petitioner's claim that the

Hearing Officer found that petitioner's participation in the disturbance was solely the result of peer pressure and fear of reprisal from other inmates. Both in his statement at the conclusion of the hearing and in his written decision, the Hearing Officer made specific reference to the observations of the correction officer who prepared the report and the correction officer who testified, as well as petitioner's own statements at the hearing. The finding of guilt was clearly based upon this evidence and was made by the Hearing Officer before any reference to petitioner's claim that he acted as a result of peer pressure. The Hearing Officer's reference to the effect of peer pressure was made in the context of the penalty to be imposed and does not, in our view, mean that the Hearing Officer found petitioner's participation in the disturbance to have been solely the result of peer pressure and fear of reprisal. The determination is not irrational, and because it is supported by substantial evidence in the record it must be confirmed.

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.