■ In the Matter of JEHAN ABDUR-RAHEEM, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [665 NYS2d 152] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The detailed misbehavior report and the testimony of petitioner at the Tier III hearing constitute substantial evidence to support the determination that petitioner violated inmate rules 102.10 and 113.23 (7 NYCRR 270.2 [B] [3] [i]; [14] [xiv]; *see, Matter of Bryant v Coughlin*, 77 NY2d 642, 647; *Matter of Perez v Wilmot*, 67 NY2d 615, 616; *People ex rel. Vega v Smith*, 66 NY2d 130, 139).

The determination that petitioner violated inmate rule 104.12, however, is not supported by substantial evidence. That rule provides that "[i]nmates shall not lead, organize, participate, or urge other inmates to participate, in * * * actions which may be detrimental to the order of the facility" (7 NYCRR 270.2 [B] [5] [iii]). The Hearing Officer based the finding of guilt upon petitioner's possession of notes prepared by petitioner for a lecture he intended to give to Muslim inmates. Although the notes contain threatening references, there is no evidence in the record that petitioner gave the lecture. In order to violate inmate rule 104.12, the inmate must "lead, organize, participate, or urge other inmates to participate * * * in actions", and not merely intend to do so (7 NYCRR 270.2 [B] [5] [iii]; *see, e.g., Matter of Watts v Coombe*, 235 AD2d 952; *Matter of Tremblay v Leonardo*, 178 AD2d 790; *Matter of Collins v Coughlin*, 156 AD2d 793, *lv denied* 75 NY2d 707; *Matter of Hendricks v Kelly*, 125 AD2d 946, *lv denied* 69 NY2d 609).

We therefore modify by annulling so much of the determination finding petitioner guilty of violating inmate rule 104.12 and directing that all entries in petitioner's records relating thereto be expunged. Because the penalty was imposed without relation to the particular violations, the penalty is vacated and the matter is remitted to respondent for imposition of an appropriate penalty on the remaining violations (*see, Matter of*

*Brooks v Coughlin,* 182 AD2d 1115, 1116). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.