■ In the Matter of CARLOS GOMEZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [644 NYS2d 63] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While an inmate at Clinton Correctional Facility in Clinton County, petitioner was found guilty of violating prison disciplinary rules prohibiting inmates from rioting, engaging in violent and threatening conduct and unauthorized organizational activity. On administrative appeal, the charge relating to rioting was dismissed and the penalty was modified. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination.

Of the numerous arguments raised by petitioner on review, only one warrants discussion. The record reveals that the Hearing Officer's findings of guilt were based upon certain confidential information, including the testimony provided by a confidential informant. Petitioner contends that such information was insufficient to sustain the findings of guilt. We agree. The testimony provided by the confidential informant and the other witnesses was vague, conclusory and, quite simply, woefully insufficient to support the determination at issue. Additionally, although the confidential transcript reveals that reference was made to certain documentary evidence developed during the course of the underlying investigation, such information was not before the Hearing Officer and was not credited by the investigating officers in any event. The remaining evidence adduced at the hearing was exculpatory. As the determination is not supported by substantial evidence in the record as a whole, the determination must be annulled. Finally, inasmuch as it appears that petitioner has already served his administrative penalty, the appropriate remedy is expungement.

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this matter from petitioner's institutional records.