■ In the Matter of FREDDY LOPEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing for the Department of Correctional Services, Respondent. [649 NYS2d 520] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty after a hearing of violating prison disciplinary rule 104.10 (7 NYCRR 270.2 [B] [5] [i]), which prohibits participation in a group engaged in either violent conduct or in conduct that threatens violence. This determination stems from an incident occurring on May 27, 1995, when a violent disturbance involving some 80 inmates broke out in the "big yard" of Great Meadow Correctional Facility in Washington County. The disturbance was allegedly precipitated by racial tension caused by slashing assaults on two Hispanic inmates two days previously that were reportedly perpetrated by Jamaican inmates. As detailed in the misbehavior report, some 90 minutes before the riot commenced, petitioner participated in a meeting of leaders of certain Hispanic and Jamaican factions in the prison yard. Petitioner and inmate Rivera were described as leaders of a Hispanic gang and inmate Domond was alleged to be a Jamaican gang leader. Also present at this meeting was inmate Cox, an African-American Muslim erroneously identified as a Jamaican in the inmate misbehavior report. After this meeting broke up, the misbehavior report indicates that petitioner was observed

speaking with several other Hispanic inmates and, at one point, a different Jamaican inmate. The misbehavior report concludes by stating that the meeting that took place 90 minutes before the riot "was a deciding factor of the disturbance".

Petitioner's administrative appeal of the determination of guilt was denied. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination. Petitioner contends, *inter alia*, that this determination should be annulled on the ground that it was not based on substantial evidence. We agree.

As was the case in *Matter of Cox v Coombe* (233 AD2d 590, 591 [decided herewith]), we find nothing in the subject record to support the misbehavior report's conclusion that the meeting was a catalyst for the riot, as opposed to being "triggered by the earlier slashing incidents" (*supra*). Although we are very cognizant of the difficulties faced by correction officers in assessing security threats in "the volatile atmosphere of a prison" (*Hewitt v Helms*, 459 US 460, 474), here the record only contains information indicating that petitioner was observed in conversation with various other inmates. None of these conversations was overheard and there was no evidence other than conjecture that these conversations had a sinister aspect. Our review of the confidential information submitted does not support the Hearing Officer's conclusions and the remaining evidence adduced at the hearing was exculpatory (*see, Matter of Gomez v Coughlin*, 227 AD2d 882). Accordingly, as the determination is not supported by substantial evidence as a whole, the determination must be annulled and petitioner's record expunged.

Mercure, White, Casey and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional records.