■ In the Matter of FREDDIE COX, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [649 NYS2d 519] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On May 27, 1995, at approximately 2:50 P.M., a violent disturbance involving some 80 inmates broke out in the "big yard" of Great Meadow Correctional Facility in Washington County. The disturbance was apparently precipitated by racial tension caused by slashing assaults on two Hispanic inmates two days previously that were reportedly perpetrated by Jamaican inmates. Petitioner, an African-American Muslim erroneously identified as a Jamaican in the inmate misbehavior report, was witnessed at 1:30 P.M. participating in a meeting with three inmates, two of whom were leaders of an Hispanic faction within the facility. After this meeting broke up, petitioner was observed speaking with several African-American inmates. Petitioner thereafter gathered with other members of the prison's Muslim community in an area of the yard known as the "hole". It is undisputed that petitioner did not participate in the disturbance itself. He ultimately acknowledged at his disciplinary hearing that he had participated in the meeting with the three other inmates and had been trying to "squash" the tensions in the yard.

Petitioner was charged in a misbehavior report with a violation of prison disciplinary rule 104.10 (7 NYCRR 270.2 [B] [5] [i]), proscribing, *inter alia*, an inmate's taking any action which results in a riot. A tier III hearing was held at which petitioner pleaded not guilty. While petitioner admitted having a conversation with the three inmates who may have been involved in the disturbance, he initially testified that no "meeting" took place, and said that the main purpose of his presence was to enlist the inmates' participation in a Muslim-led multicultural class. Following the completion of all evidence, petitioner was found guilty of the charge and given a penalty of 730 days in the special housing unit. Petitioner's penalty was reduced by half upon his administrative appeal and he thereafter commenced this CPLR article 78 proceeding to challenge the determination.

Petitioner's initial contention, that the determination was not supported by substantial evidence, has merit and is dispositive of the instant appeal. The Hearing Officer found, and this finding is supported by the record, that the unrest in the yard was triggered by the earlier slashing incidents. The record reveals that the meeting between petitioner and the three other inmates occurred almost 90 minutes before the disturbance took place. Although the inmate misbehavior report indicates that the meeting was occasionally heated, Correction Officer Daniel Hurlburt, who prepared the report, testified at the disciplinary hearing that petitioner was calm and quiet throughout the meeting and that he had been cited with a violation for being in the "wrong place at the wrong time". Significantly, the Hearing Officer viewed a videotape of the meeting and concluded that there was no evidence of a heated discussion or other violence. Neither Hurlburt nor any of the other facility personnel who testified at the hearing overheard the substance of petitioner's conversation with the other three inmates.

By contrast, inmate Freddy Lopez, who was one of the parties to the discussion in question, confirmed petitioner's claim that they had been discussing participation in a multicultural class led by the Muslim community. In short, the record in this case reveals only that petitioner had a conversation with inmates who may have been involved in the disturbance, which conversation the Hearing Officer himself noted did not appear to be particularly heated or violent, almost an hour and a half before the disturbance began. On these facts, we conclude that the determination that petitioner took action resulting in a riot was not supported by substantial evidence. Because the

record lacks substantial evidence, remittal for a new hearing is inappropriate (*see, Matter of Dawes v Coughlin*, 83 NY2d 597, 602). Accordingly, the determination is annulled and all references to the underlying charge and proceeding should be expunged from petitioner's records (*see, Matter of Graziano v Coughlin*, 221 AD2d 684, 686).

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and matter remitted to respondents for further proceedings not inconsistent with this Court's decision.