■ In the Matter of KEVIN WATTS, Petitioner, v PHILIP COOMBE, as Commissioner of the New York State Department of Correctional Services, Respondent. [653 NYS2d 406] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

On June 19, 1995, inmates at Auburn Correctional Facility in Cayuga County went on strike, refusing to leave their cells for work or meals, in protest of double celling. As a result of this inmate-initiated "lock-in", correction officials imposed a prison lock-in. By inmate misbehavior report dated June 22, 1995, petitioner was charged with violating a prison disciplinary rule prohibiting inmates from leading, organizing, participating in or urging other inmates in work stoppage, sit-ins, lock-ins or other action which may be detrimental to the facil-

ity. Following a tier III hearing, petitioner was found guilty as charged. This determination was administratively upheld* and is the subject of this CPLR article 78 proceeding.

We confirm. According to the misbehavior report, petitioner stated to a correction officer who was in the process of serving meals in his block that "we are not leaving until Bumpus come back", referring to another inmate who had left his cell the previous day to discuss the inmate strike with prison officials and had not yet returned (it was rumored that this inmate was placed in the special housing unit). Petitioner's edict to the correction officer generated loud yelling and clapping from the other inmates in his block, who were obviously also upset about Bumpus' absence.

Contrary to petitioner's contentions, we find that the misbehavior report provides substantial evidence to support the charge against petitioner (see, *Matter of Foster v Coughlin*, 76 NY2d 964). Under the circumstances of this case, the record does establish a cause and effect relationship between petitioner's directive to the correction officer that no one was leaving until Bumpus returned and the ensuing disruptive behavior of the other inmates, which, given the volatile situation faced by prison officials at that time, was detrimental to the facility.

Finally, we reject petitioner's contention that the failure to provide him with a confidential, interdepartmental prison memorandum authored June 27, 1995 regarding the inmate strike improperly denied him exculpatory evidence in violation of his due process rights. Upon our review of this document, we find that its contents do not contain material information concerning the charge against petitioner or his guilt thereof.

Cardona, P. J., Mikoll, White and Spain, JJ., concur.

Peters, J. (dissenting). I respectfully dissent.

It is undisputed that at the time of the purported misconduct an inmate strike was in progress. The record supports petitioner's contention that Bumpus, the inmate representative, had left the day before to attend a meeting and failed to return. When Officer B. Delaney entered the gallery and ultimately asked petitioner to now represent the inmates, petitioner inquired where Bumpus was and then advised that he did not want to leave his cell.

I find nothing in the record to support the majority's conclusion that his declination of this offer triggered additional inmate misconduct in what appeared to be an already volatile

---

* The penalty imposed against petitioner was reduced upon administrative reconsideration from 365 to 180 days in the special housing unit.

and disruptive environment (*see, Matter of Cox v Coombe*, 233 AD2d 590).

For these reasons the determination of respondent should be annulled.

Adjudged that the determination is confirmed, without costs, and petition dismissed.