■ In the Matter of JEFFREY N. FORD, Petitioner, v FRANK IRVIN, as Superintendent of Wende Correctional Facility, et al., Respondents. [667 NYS2d 529] —Determination unanimously annulled on the law without costs and petition granted. Memorandum: Petitioner was found guilty of violating inmate rules 109.11 (7 NYCRR 270.2 [B] [10] [ii] [leaving assigned area without authorization]) and 116.12 (7 NYCRR 270.2 [B] [17] [iii] [forging a document]). The Hearing Officer relied on a misbehavior report prepared by Correction Officer Gagliardi. According to the report, petitioner had a visitor and was waiting for Gagliardi to return from the bathroom to fill out a clearance pass. The report alleged that, while Gagliardi was in the bathroom, petitioner completed the pass and presented it to Correction Officer Green, who signed it and allowed petitioner to meet with his visitor. The report accused petitioner of taking the pass from Gagliardi's security bag, completing it and telling Green that Gagliardi had filled out the pass. Green testified at the hearing that he could not recall any conversation with petitioner about whether Gagliardi had filled out the pass and further testified that he signed it because he "assumed" that Gagliardi had completed it. Petitioner testified that he completed the pass pursuant to standard procedure followed by other correction officers and did not realize that he was not allowed to do so.

We conclude that the determination finding petitioner guilty of the charges is not supported by substantial evidence. It is undisputed that Green signed the pass allowing petitioner to go for his visit. Thus, petitioner had authorization to leave an assigned area. Similarly, there is no evidence that petitioner forged a document; he did not sign Gagliardi's name to the clearance pass, but simply completed other portions of it pursuant to previously established practice. Although the misbehavior report alleges that petitioner misrepresented to Green that Gagliardi had completed the clearance pass, that conduct, even if it were supported by the evidence, does not constitute forgery. Thus, we annul the determination finding petitioner guilty of both charges. Inasmuch as it appears that petitioner has already served his administrative penalty, the appropriate

remedy is expungement (*see, Matter of Gomez v Coughlin*, 227 AD2d 882). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Mahoney, J.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.