■ In the Matter of PATRICIO LINARES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [778 NYS2d 550]—

---

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, then an inmate at Coxsackie Correctional Facility in Greene County, was charged in an inmate misbehavior report with engaging in violent conduct and rioting. That report arose from an alleged incident on September 11, 2001, when a correction officer observed petitioner, who was watching television coverage of the terrorist attacks with a large group of inmates, begin laughing and clapping at the footage and told another inmate he saw their "chance to take this place." After a tier III disciplinary hearing, petitioner was found guilty of rioting based upon his comment to the other inmate, but was found not guilty of violent conduct. Following his administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We find that substantial evidence supports the determination based upon the misbehavior report and the reporting correction officer's testimony that he heard petitioner state to another inmate that petitioner saw a "chance to take this place" (cf. Matter of Lopez v Selsky, 233 AD2d 574, 575 [1996]). Petitioner's claim that he spoke no English and could not have made the comment created a credibility issue for the Hearing Officer to resolve (see Matter of Green v Ricks, 304 AD2d 1010, 1011-1012 [2003], lv denied 100 NY2d 509 [2003], cert denied sub nom. Green v Girdich, — US —, 124 S Ct 1181 [2004]).

Nor do we agree that the Hearing Officer was biased in failing to obtain certain evidence for petitioner. The record reveals that the Hearing Officer attempted to obtain the evidence requested by petitioner, including a videotape and the testimony of various inmate witnesses, but the videotape did not exist and the inmates refused to testify. We find no error either in the Hearing Officer's refusal to allow a lieutenant who was not working on the date of the incident to testify, or his failure to call a correction officer who would have given cumulative testimony (see Matter of Hidalgo v Senkowski, 283 AD2d 839, 840 [2001]).

We have considered petitioner's remaining contentions, including that the Hearing Officer improperly denied his request for a sign language interpreter, and find them to be without merit.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.