Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
A physical altercation ensued among a large group of inmates in the yard and orders to cease such activity and to lay down on the ground were broadcast over the public address system. Petitioner was observed to be among the inmates in the yard and allegedly failed to comply with these orders until shots were fired from the towers. He was subsequently charged in a misbehavior report with fighting, engaging in violent conduct, engaging in gang activity, creating a disturbance and refusing a direct order. He was found guilty of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.
Initially, respondents concede and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of fighting, engaging in violent conduct, engaging in gang activity and creating a disturbance (see Matter of Joseph v Fischer, 85 AD3d 1514, 1515 [2011]; Matter of Hodge v Selsky, 53 AD3d 953, 954 [2008]). Upon further review of the record, including the videotape of the incident, we also conclude *1306 that substantial evidence does not support that part of the determination finding petitioner guilty of refusing a direct order. Significantly, the correction sergeant who wrote the misbehavior report testified that he could not identify the individual inmates who were fighting in the yard nor could he ascertain if petitioner immediately complied with the orders announced over the public address system or laid on the ground after shots were fired (see Matter of Shannon v Fischer, 84 AD3d 1614, 1615 [2011]). The videotape of the incident, which is without audio, is not enlightening in this regard. Consequently, the determination must be annulled in its entirety and all references thereto expunged from petitioner’s institutional record (see e.g. Matter of Cox v Coombe, 233 AD2d 590, 591-592 [1996]; Matter of Lopez v Selsky, 233 AD2d 574, 575 [1996]). In light of our disposition, we need not address petitioner’s remaining claims.
Rose, J.E, McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references thereto from petitioner’s institutional record.