## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: February 2, 2017                    523040
_____

In the Matter of KHA'SUN
    CREATOR ALLAH,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER
DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:   November 29, 2016

Before:  Peters, P.J., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Kha'Sun Creator Allah, Moravia, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Platkin, J.), entered January 19, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Following a tier III disciplinary hearing, petitioner was found guilty of disorderly conduct, creating a disturbance, refusing a direct order and interference with an employee.  The determination was upheld on administrative appeal with a reduced penalty.  Petitioner commenced this CPLR article 78 proceeding and, after issue was joined, Supreme Court dismissed the petition

on the merits.  This appeal ensued.

        We affirm.  Petitioner's sole contention on appeal is that
he was denied the right to call a requested witness because the
Hearing Officer failed to adequately ascertain the reason that
the inmate refused to testify.  We are unpersuaded.  At the
hearing, petitioner denied that the incident giving rise to the
charges had occurred and requested that the inmate who was in the
adjacent cell during the incident be called as a witness.  The
Hearing Officer adjourned to contact the witness and, when the
hearing resumed, the Hearing Officer stated, "I've also asked
[the requested] inmate . . . and he is refusing" and "he doesn't
want to testify."  The refusal to testify form states that the
inmate refused to provide a further reason for his refusal and
declined to sign the form.[1]  There is no indication in the record
that this inmate had previously agreed to testify and the record
reflects that the Hearing Officer personally ascertained the
inmate's reason for refusing, i.e., that he did not want to
testify (see Matter of Hyatt v Annucci, 141 AD3d 977, 979 [2016];
Matter of Broadie v Annucci, 131 AD3d 1324, 1324-1325 [2015]; see
also Matter of Cortorreal v Annucci, 28 NY3d 54, 58-59 [2016]).
Accordingly, we find that there was an adequate inquiry of the
witness who refused to testify and that petitioner's right to
call witnesses was protected.

        Peters, P.J., Egan Jr., Rose, Devine and Clark, JJ.,
concur.

_____

        [1]  The two signatures on the witness refusal form are not
decipherable and, thus, it is not clear if it was signed by the
Hearing Officer.  Even assuming, arguendo, that the Hearing
Officer did not personally question the requested inmate, an
inquiry through the correction officer who obtained the refusal
is adequate to protect petitioner's right to call witnesses (see
Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv
denied 28 NY3d 902 [2016]).

-3-                        523040

ORDERED that the judgment is affirmed, without costs.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court