■ In the Matter of STEVEN MEARS, Petitioner, v DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [54 NYS3d 219]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

During an investigation of an altercation that took place in a facility bathroom, the sergeant investigating the incident learned from a confidential source, who had witnessed the

incident, that petitioner had punched another inmate. Upon being questioned, petitioner informed the sergeant that he had no involvement in the incident. Thereafter, petitioner was charged in a misbehavior report with fighting, violent conduct and providing false or misleading information or a statement. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. That determination was affirmed on administrative review, with a reduced penalty. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

Initially, respondent concedes and we agree that substantial evidence does not support that part of the determination finding petitioner guilty of fighting (*cf. Matter of Parker v Fischer*, 106 AD3d 1305, 1305 [2013]; *Ross v Prack*, 95 AD3d 1579, 1580 [2012]). Accordingly, we annul that part of the determination. Inasmuch as the penalty imposed included a loss of good time, the matter must be remitted for a redetermination of the penalty (*see Matter of Girard v Annucci*, 141 AD3d 1065, 1066 [2016], *appeal dismissed, lv denied* 29 NY3d 929 [2017]; *Matter of Tafari v Annucci*, 137 AD3d 1356, 1357 [2016]). With regard to the remaining charges, however, the misbehavior report and the hearing testimony, together with the confidential testimony submitted for in camera review, provide substantial evidence supporting petitioner's guilt (*see Matter of Acosta v Fischer*, 98 AD3d 1170, 1171 [2012]; *Matter of Partee v Bezio*, 67 AD3d 1224, 1224 [2009], *lv denied* 14 NY3d 702 [2010]). Contrary to petitioner's contention, it was not necessary for the author of the misbehavior report to actually witness the altercation, as it was sufficient that he "ascertained the facts of the incident" through his investigation and discussions with confidential sources who had witnessed the incident (7 NYCRR 251-3.1 [b]; *see Matter of Cornelius v Fischer*, 98 AD3d 779, 780 [2012]; *Matter of Haynes v Andrews*, 283 AD2d 746, 747 [2001]).

Turning to the balance of petitioner's claims, we are not persuaded by petitioner's contention that he was denied the right to call two inmate witnesses. There is no indication in the record that either inmate had previously agreed to testify, and each of these inmates signed witness refusal forms, one indicating that he did not want to be involved and the other stating that he did not see anything and did not know anything about the incident (*see Matter of Allah v Venettozzi*, 147 AD3d 1133, 1133 [2017]; *Matter of Gaston v Annucci*, 147 AD3d 1131, 1132 [2017]). There is also no indication that the hearing transcript was intentionally altered or contains significant missing or inaudible portions that preclude meaningful review

(*see Matter of Smith v Venettozzi*, 142 AD3d 1201, 1202 [2016]; *Matter of Allen v Venettozzi*, 139 AD3d 1208, 1208-1209 [2016], *lv denied* 28 NY3d 903 [2016]). Nor is there any basis in the record upon which to conclude that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Wilson v Annucci*, 138 AD3d 1335, 1335 [2016]; *Matter of Giano v Prack*, 138 AD3d 1285, 1286 [2016], *lv denied* 27 NY3d 912 [2016]). Petitioner's remaining contentions, to the extent that they are properly before us, have been considered and are lacking in merit.

Peters, P.J., McCarthy, Egan Jr., Mulvey and Aarons, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of fighting and imposed a penalty; petition granted to that extent, the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to the Commissioner for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.