■ In the Matter of Louis HOLMES, Petitioner, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [655 NYS2d 695] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On June 6, 1995, prison inmate John Felder was stabbed by a fellow inmate at Clinton Correctional Facility in Clinton County. Following an investigation, petitioner was charged with violating prison disciplinary rules prohibiting possession of a weapon and assault on an inmate. Based solely upon the misbehavior report and the in camera testimony of George Montenegro, an investigator, regarding the information received from a confidential informant, petitioner was found guilty of the charges.

A prison disciplinary determination may be based upon a confidential informant's testimony, provided the Hearing Officer makes an independent assessment of the informant's reliability (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 119; *Matter of Otero v Coughlin*, 225 AD2d 841). Here, although the Hearing Officer was not required to personally interview the confidential informant, Montenegro's vague and conclusory in camera testimony was insufficient to provide a basis for an independent assessment of the confidential informant's credibility by the Hearing Officer. Notably, no details were given regarding the information supplied by the informant. Rather, it appears that the Hearing Officer relied solely upon Montenegro's assessment as to the truthfulness of the informant, which plainly is not permissible (*see, Matter of Abdur-Raheem v Mann, supra*, at 119). The misbehavior report is similarly deficient, as it does nothing more than recite that it is "based on information received from a confidential informant" and is

devoid of any representations of personal knowledge. Inasmuch as the underlying determination was based solely upon the information provided by the confidential informant and the misbehavior report (*compare, Matter of Gardiner v Senkowski*, 234 AD2d 708), we conclude that the determination is not supported by substantial evidence and, accordingly, must be annulled.

Cardona, P. J., Mikoll, Crew III, White and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondents are directed to expunge all references to this proceeding from petitioner's files and to restore petitioner to his prehearing status.