■ In the Matter of MARK LABOUNTY, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [664 NYS2d 890] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On October 25, 1996 a letter addressed to petitioner, an inmate at Wyoming Correctional Facility in Wyoming County, was confiscated on the suspicion of "kiting" because it contained the return address of Burton Barling, a fellow inmate. Enclosed in the letter was a $100 money order in petitioner's name and a note from Barling's sister thanking petitioner for the legal services he provided to her brother. Petitioner was charged with, and ultimately found guilty of, violating the prison disciplinary rule which prohibits inmates from providing legal assistance to other inmates without permission and receiving compensation therefor. Petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt.

We confirm. Although petitioner claims that the legal assis-

tance he provided to Barling was in connection with a class action lawsuit in which they were both a party, petitioner admitted that he did not request permission in conducting the legal research and paper work on Barling's behalf. Furthermore, Barling testified that the money was for any expenses petitioner would incur on his behalf in relation to the class action lawsuit. The testimony at the hearing, together with the letter and money order from Barling's sister, provide substantial evidence to support the determination of petitioner's guilt (*see, e.g., Matter of Di Rose v Coombe*, 233 AD2d 799).

We reject petitioner's contention that the misbehavior report failed to comply with the governing regulations by failing to state specific details inasmuch as there is no requirement that the misbehavior report "itemize in evidentiary detail all aspects of the case" (*Matter of Davis v Coughlin*, 200 AD2d 904, 905). The misbehavior report adequately apprised petitioner of the charges against him and afforded him an opportunity to prepare a defense (*see, Matter of Thompson v Coombe*, 240 AD2d 977). Likewise, we find no error in the Hearing Officer taking the testimony of Barling's sister over the telephone outside the presence of petitioner inasmuch as an inmate's right to be present during witnesses' testimony extends only to those witnesses called on behalf of the inmate (*see, Matter of Collazo v Coombe*, 235 AD2d 654, 655). In any event, petitioner was informed of the reason for taking her testimony outside of his presence (she was unable to be reached until 10:00 P.M.), he declined the opportunity to submit any questions he would like asked of her and the tape of the witness's testimony was played for petitioner (*see, e.g., Matter of Sime v Selsky*, 236 AD2d 650). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.