In the Matter of STACEY KNIGHT, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [698 NYS2d 922] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of violating prison rules which prohibit inmates from participating in unauthorized organizational activity, making threats and engaging in demonstrations and violent conduct. Confidential sources identified petitioner as a prison gang leader, accusing him of directing other inmates to refuse orders and assault staff. Upon petitioner's administrative appeal, the penalty was modified but the determination otherwise affirmed. This CPLR article 78 proceeding ensued.

We confirm. Initially, we find that the misbehavior report was sufficiently detailed to apprise petitioner of the charges against him (*see, Matter of Faison v Senkowski*, 255 AD2d 625, *appeal dismissed* 93 NY2d 847). The fact that it did not set forth exact times does not render it defective insofar as it relayed the results of an ongoing investigation concerning the facility disturbance. In any event, any confusion over the timing of events was adequately explained at the hearing.

Furthermore, we conclude that the misbehavior report, together with the information supplied by confidential sources and the testimony adduced at the hearing, provide substantial evidence supporting the determination of petitioner's guilt (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). We note that our in camera review of the transcript of the confidential information confirms that the Hearing Officer properly found it to be reliable and credible (*see, Matter of Johnson v Goord,* 249 AD2d 617). Although petitioner and his witnesses disputed the allegations contained in the misbehavior report, that presented a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo,* 247 AD2d 810, 811). We have considered petitioner's remaining contentions and find them to be unpersuasive.

Mikoll, Mercure, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.