■ In the Matter of DONTE DAISE, Petitioner, v MICHAEL GIAMBRUNO, as Superintendent of Altona Correctional Facility, Respondent. [719 NYS2d 616] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with, and ultimately found guilty of, violating the disciplinary rules against creating a disturbance, committing arson and damaging State property. The misbehavior report relates that during an investigation, petitioner was identified by two unrelated sources as the one who started a fire on the mattress of his cell mate, James Foye. The misbehavior report also indicated that the property damage was confined only to Foye's property. Furthermore, petitioner's recent requests to have Foye relocated (because Foye's homosexuality was inconsistent with petitioner's religious beliefs) had been denied. Petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt.

It is well settled that a prison disciplinary determination may be based upon confidential testimony provided that it is sufficiently detailed to enable the Hearing Officer to make an independent assessment of the informant's credibility (*see, Matter of Vega v Goord*, 274 AD2d 807). Here, based upon our review of the in camera testimony of the correction officer who obtained the confidential information, we conclude that it was not sufficiently detailed or specific to enable the Hearing Officer to independently assess the credibility or reliability of the information. Notably, other than indicating that the informants were "adamant" that petitioner was the perpetrator, there were no details regarding the basis of the informants' knowledge or whether they witnessed petitioner start the fire. It appears that the Hearing Officer impermissibly relied on the cor-

rection officer's assessment as to the reliability and truthfulness of the information (*see*, *Matter of Holmes v Senkowski*, 238 AD2d 629). Inasmuch as the misbehavior report was based upon the confidential information, we conclude that the determination is not supported by substantial evidence and, therefore, the determination must be annulled. Moreover, there was no evidence refuting the testimony from various witnesses that petitioner was in the recreation room watching a movie at the time the incident occurred.

Cardona, P. J., Crew III, Peters, Carpinello and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record.