In the Matter of JESSE SHANNON, Petitioner, v GLENN S. GOORD, as Commissioner of Corrections, Respondent. [726 NYS2d 151] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

As a result of confidential information obtained during a continuing investigation of the organization of a State-wide inmate work stoppage or demonstration that was to occur on or about January 1, 2000, petitioner's cell was searched in September 1999. The search revealed documents which, while not incriminating in and of themselves, were consistent with the confidential information that identified petitioner as one of those involved in the organization and promotion of the demonstration. Based largely on the confidential information, petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from organizing or urging other inmates to participate in a work stoppage or other demonstration. Following an administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the determination.

"It is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that the information is reliable and cred-

ible [citation omitted]" (*Matter of Vega v Goord*, 274 AD2d 807, 808). In making such an assessment, there is no requirement that the Hearing Officer personally interview confidential informants (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 120-121). The record, including material submitted for in camera review, demonstrates that the Hearing Officer made the required independent assessment and that there was a sufficient basis for his conclusion that the confidential information was reliable and credible. Accordingly, we conclude that the determination is supported by substantial evidence.

We further conclude that, considering the ongoing investigation and nature of the misconduct, it was sufficient that the misbehavior report set forth the date and time of the cell search rather than specify the dates, times and places of petitioner's involvement in the prohibited conduct (*see, Matter of Moore v Goord*, 279 AD2d 682). The report satisfied the notice requirement by providing petitioner with enough particulars to make an effective response (*see, Matter of Abdur-Raheem v Mann, supra*, at 123).

We also reject petitioner's claim that he was deprived of his right to call witnesses. Inasmuch as "an inmate does not have a constitutional right to cross-examine adverse witnesses at a disciplinary hearing" (*id.*, at 119), and because an "important channel of information would obviously be impaired if prison investigators were unable to assure their informants complete confidentiality" (*id.*, at 122), petitioner's right to call witnesses was not violated by the denial of his request to call the informants whose identities remained confidential to protect them from retaliation (*see, Matter of Laureano v Kuhlmann*, 75 NY2d 141, 147-148). With regard to the inmate witness who refused to testify, the record confirms his refusal and, in the absence of any prejudice to petitioner, the failure to provide petitioner with a written refusal form is harmless error (*see, Matter of Covington v Goord*, 262 AD2d 803). Although petitioner's inmate assistance form included two other potential witnesses, petitioner did not request those witnesses at the hearing and, therefore, his rights were not violated by the Hearing Officer's failure to call them (*see, Matter of Hodge v Goord*, 280 AD2d 767). The remainder of petitioner's arguments have been considered and are lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.