■ In the Matter of JAMES CALLENS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [730 NYS2d 263] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged with, and ultimately found guilty of, violating the prison disciplinary rule against urging others to participate in a work stoppage. Petitioner commenced this CPLR article 78 proceeding contending that the determination, based primarily on confidential information, is not supported by substantial evidence. We agree.

It is well settled that a disciplinary determination may be predicated upon hearsay confidential information provided it is

sufficiently detailed for the Hearing Officer to make an independent assessment of the informant's reliability (*see, Matter of Daise v Giambruno*, 279 AD2d 911; *Matter of Milland v Goord*, 264 AD2d 846). We find that the confidential information provided here by anonymous informants was not sufficiently detailed or specific as to the charge to enable the Hearing Officer to independently assess their credibility (*see, id.*; *Matter of Holmes v Senkowski*, 238 AD2d 629). The remaining confidential information, while describing petitioner's intimidating nature, was too vague to demonstrate that he urged others to participate in the work stoppage (*see, Matter of Christian v Goord*, 246 AD2d 930, 931). Inasmuch as the misbehavior report and testimony of the correction officer are based on the confidential information, we conclude that the determination of petitioner's guilt is not supported by substantial evidence and must be annulled.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references thereto from petitioner's institutional record.