■ In the Matter of ANTHONY QUINONES, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [732 NYS2d 275] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit conduct involving the threat of violence and participation in and encouraging others to participate in action detrimental to the facility's order. The misbehavior report related, based on the findings of an investigation conducted at the facility by the reporting correction officer, that petitioner had been identified as an organizer of the work stoppage known as the Y2K demonstration which was scheduled to commence January 1, 2000. Substantial evidence of petitioner's guilt was presented in the form of confidential information that was reviewed by the Hearing Officer in camera together with the misbehavior report and the testimony given by the reporting correction officer asserting that petitioner had used the mobility he enjoyed as a representative to the Inmate Liason Committee to speak to many of the inmates on his cellblock, urging them to take part in the planned demonstration and warning that those who did not participate would suffer serious consequences (*see, Matter of Shannon v Goord*, 282 AD2d 909; *Matter of Knight v Goord*, 267 AD2d 523, 524, *lv denied* 94 NY2d 760).

We are unpersuaded by petitioner's contention that the misbehavior report was too vague to give him adequate notice of the charges against him. The specific dates of the charged misconduct could not be set forth without jeopardizing the safety of the confidential informants (*see, Matter of Moore v Goord*, 279 AD2d 682, 683). Nonetheless, the specifications of

---

the alleged acts of misconduct were sufficiently detailed to enable petitioner to prepare a defense (*see, Matter of LaBounty v Goord,* 245 AD2d 675, *appeal dismissed* 91 NY2d 1002).

We are similarly unpersuaded by the claim that the Hearing Officer failed to make an adequate assessment of the confidential informants' reliability. The Hearing Officer was not specifically required to conduct personal interviews with each informant as the in camera testimony given by the investigating correction officer was sufficiently detailed and supported by corroborating evidence in the confidential file to facilitate an independent assessment of the informants' reliability (*see, Matter of Luxemburgo v Selsky,* 263 AD2d 742; *Matter of Medina v Goord,* 253 AD2d 973). The remaining contentions raised by petitioner have been examined and found to be without merit.

Mercure, J. P., Crew III, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.