■ In the Matter of LEON IRVING, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [733 NYS2d 525] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

As a result of an investigation concerning an inmate work stoppage planned for January 1, 2000, petitioner was charged in a misbehavior report with violating a prison disciplinary rule by urging other inmates to participate in such action. Based upon confidential information provided by the author of the misbehavior report, petitioner was found guilty of the charge and commenced this CPLR article 78 proceeding challenging the determination. We agree with petitioner that the finding is not supported by substantial evidence.

"It is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that the information is reliable and credible" (*Matter of Vega v Goord*, 274 AD2d 807, 808 [citation omitted]). When our review of in camera material establishes that the confidential information was sufficiently detailed and probative to permit the Hearing Officer's independent assessment of reliability and credibility, a determination based on confidential information will not be disturbed (*see, e.g., Matter of Peters v Goord*, 280 AD2d 738; *see also, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123).

Here, unlike the situation in other "Y2K" work stoppage cases such as *Matter of Quinones v Ricks* (288 AD2d 568), there is nothing in this record to indicate that the Hearing Officer made an independent assessment of the reliability and credibility of the confidential information. To the contrary, our review establishes that the in camera material lacks sufficient detail and probative value to permit such an assessment (*see, Matter of Huggins v Coughlin*, 184 AD2d 823). The brief testimony of the author of the misbehavior report consists of

generalities about the nature of the investigation and conclusory statements about petitioner's involvement in the planned work stoppage. The testimony contains no detail with regard to either the specific activities engaged in by petitioner or how the confidential information was obtained. Although the author of the misbehavior report testified that some of the information linking petitioner to the work stoppage came from at least four informants, he provided no information as to whether the unidentified informants were interviewed as part of the investigation. More importantly, the record fails to indicate the basis of the informants' knowledge about petitioner's involvement in the work stoppage or their motive for providing the information. Thus, "[i]t appears that the Hearing Officer impermissibly relied on the correction officer's assessment as to the reliability and truthfulness of the information" (*Matter of Daise v Giambruno*, 279 AD2d 911, 911-912). Furthermore, the remainder of the confidential material consists of anonymous letters or statements which also fall short in detail and fail to indicate the basis for the conclusory assertions of petitioner's involvement in the planned work stoppage. Accordingly, we find that the confidential material lacks the internal coherence and detail necessary to establish its reliability (*see, Matter of Abdur-Raheem v Mann, supra*, at 123; *Matter of Milland v Goord*, 264 AD2d 846).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.