■ In the Matter of JOSUE ENCARNACION, Petitioner, v THOMAS RICKS, as Superintendent of Upstate Correctional Facility, et al., Respondents. [733 NYS2d 547] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit engaging in conduct involving the threat of violence and participation in or urging others to participate in demonstrations or any other action detrimental to the order of the facility. The misbehavior report related that petitioner had been identified as an organizer of certain State-wide inmate demonstrations including the "Y2K" lock-in and work stoppage that was slated to commence January 1, 2000. His activities were alleged to include participation in unauthorized meetings where inmates were given information regarding planned assaults on staff members and the taking of correction officers as hostages.

Substantial evidence in the record supports the determination of petitioner's guilt in the form of the detailed misbehavior report and the testimony given by the correction officer who authored it. He testified to his participation in an investigation conducted at the facility in the course of which confidential informants had repeatedly identified petitioner as an inmate leader who had urged others to participate in the impending system-wide demonstrations and had threatened death to inmates who failed to do so (see, Matter of Shannon v Goord, 282 AD2d 909; Matter of Knight v Goord, 267 AD2d 523, 524, lv denied 94 NY2d 760). Contrary to petitioner's contention, it was not necessary for the Hearing Officer to conduct personal interviews with each of the confidential informants in order to accept their information as credible. The reporting correction officer testified that he had assessed the credibility of the informants when they spoke to him in the course of his investigation. This testimony, together with the detailed information and corroborating evidence provided in the correction officer's testimony, enabled the Hearing Officer to make an independent assessment of the informants' reliability (see, Matter of Colon v Goord, 245 AD2d 582; Matter of Feliciano v Selsky, 239 AD2d 799).

We reject petitioner's contention that the lack of specific times, dates and places for the charged misconduct gave him insufficient notice of the charges against him. As a practical matter, this information could not be reported without jeopardizing the safety of the confidential informants (see, Matter of Moore v Goord, 279 AD2d 682, 683). In any event, the acts of misconduct with which petitioner was charged were sufficiently described to enable him to prepare an effective defense (see, Matter of LaBounty v Goord, 245 AD2d 675, appeal dismissed 91 NY2d 1002). Petitioner's remaining assertions of procedural errors and Hearing Officer bias have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.