■ In the Matter of EON SHEPPARD, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [741 NYS2d 128] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

As a result of confidential information obtained during a continuing investigation of the organization of a state-wide inmate work stoppage, known as the Y2K demonstration, that was to occur on or about January 1, 2000, petitioner was

charged with urging other inmates to participate in actions detrimental to the facility and conspiring to assault staff. After a tier III hearing at which the Hearing Officer conducted a confidential interview with the investigator, petitioner was found guilty of the demonstration charge and not guilty of the assault charge. In this CPLR article 78 proceeding, petitioner challenges the sufficiency of both the evidence and the misbehavior report.

"It is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that the information is reliable and credible * * *" (*Matter of Vega v Goord*, 274 AD2d 807, 808 [citation omitted]). "When our review of in camera material establishes that the confidential information was sufficiently detailed and probative to permit the Hearing Officer's independent assessment of reliability and credibility, a determination based on confidential information will not be disturbed * * *" (*Matter of Irving v Goord*, 288 AD2d 787, 787). In this case, the investigator identified three confidential informants who had previously provided reliable information, explained the manner in which he acquired information from the informants and identified the basis of their knowledge of petitioner's involvement in organizing the demonstration. The record also contains written statements from two of the informants which tend to confirm that they cooperated in the investigation. In addition, the investigator testified that although the confidential informants did not recite the particular words used by petitioner, they did identify him as a gang leader who urged that the demonstration not be a quiet protest but that it should be violent with assaults on staff. According to the informants, petitioner also tried to recruit inmates to commit the assaults.

In these circumstances, the confidential information provided substantial evidence to support the determination of petitioner's guilt and the information is sufficiently detailed and supported by corroborating evidence to permit the Hearing Officer to make an independent assessment of its reliability (*compare, Matter of Encarnacion v Ricks*, 289 AD2d 625; *Matter of Quinones v Ricks*, 288 AD2d 568; *Matter of Gibson v Ricks*, 288 AD2d 569, *with Matter of Irving v Goord, supra*). The confidential portion of the record contradicts petitioner's claim that the Hearing Officer failed to make the required independent assessment. With regard to petitioner's challenge to the sufficiency of the misbehavior report, this Court has consistently

rejected similar challenges in other cases arising out of the investigation of the Y2K demonstration (*see, e.g., Matter of Encarnacion v Ricks, supra; Matter of Shannon v Goord,* 282 AD2d 909). As we explained in *Matter of Mays v Goord* (285 AD2d 847, 848, *lv denied* 97 NY2d 603), "[c]onsidering that the conduct alleged in the misbehavior report occurred over the course of several months, the omission of specific times, dates and places is completely understandable." In addition, the record reveals that petitioner was aware of the time frame and location of the alleged misconduct, and the report's description of the misconduct was sufficient to afford petitioner the opportunity to prepare a defense (*see, Matter of Shannon v Goord, supra*).

Cardona, P.J., Mercure, Crew III and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.