■ In the Matter of CHARLES DEBOSE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [784 NYS2d 908]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with leaving his assigned work area, smuggling items into the correctional facility, possessing and selling alcohol and possessing and selling narcotics. Based upon an ongoing investigation and confidential information, a misbehavior report was issued claiming that on

several occasions petitioner, who was a member of a work team assigned outside the correctional facility, left his assigned work area to purchase drugs and alcohol which would then be smuggled into the correctional facility and sold to fellow inmates. Following a disciplinary hearing, petitioner was found guilty of all charges. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Upon our review of the confidential information, we agree with petitioner that insufficient evidence was adduced at the in camera hearing at which testimony was taken from the correction officer, who conducted this investigation and authored this misbehavior report, to enable the Hearing Officer to independently assess the credibility and reliability of the confidential informants, who did not testify. It is well settled that a disciplinary determination may be based upon hearsay confidential information, provided that it is sufficiently detailed for the Hearing Officer to make an independent assessment of the informant's reliability (see Matter of Abdur-Raheem v Mann, 85 NY2d 113 [1995]; Matter of Berry v Portuondo, 6 AD3d 848 [2004]; Matter of Callens v Goord, 286 AD2d 811, 811-812 [2001]). Here, although detailed information was relayed in camera regarding the investigation and the smuggling operation, including the manner in which inmates were financing the scheme and smuggling drugs and alcohol into the correctional facility, the information provided failed to indicate any basis upon which the officer or the unidentified informants were able to connect petitioner to the smuggling operation (see Matter of Irving v Goord, 288 AD2d 787, 788 [2001]; Matter of Daise v Giambruno, 279 AD2d 911 [2001]). Thus, it appears that the Hearing Officer relied on the correction officer's assessment of the informants' reliability (see Matter of Daise v Giambruno, supra). Inasmuch as the misbehavior report and confidential information were insufficient to provide substantial evidence to support the determination of guilt, the determination must be annulled (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.