■ In the Matter of EDWIN COLON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent.
[804 NYS2d 451]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an investigation into a fight and stabbing in the prison facility yard, petitioner was charged with violating the prison disciplinary rules that prohibit violent conduct, creating a disturbance, fighting and assault on an inmate. Based on the hearing testimony and confidential information, petitioner was found guilty of all charges after a tier III disciplinary hearing. Upon his administrative appeal, respondent modified the penalty imposed but affirmed the determination. Petitioner then commenced this CPLR article 78 proceeding challenging the determination.

"It is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that the information is reliable and credible" (*Matter of Vega v Goord*, 274 AD2d 807, 808 [2000] [citation omitted]). We find that the information provided by the investigating officer was not sufficiently detailed or specific for the Hearing Officer to make his own independent credibility assessment of the informants. Although there was some information as to how petitioner was identified, no specific information was relayed about the fight and assault. Furthermore, there was simply a general statement that the information from the confidential informants coincided, without any particulars regarding the specific activity allegedly engaged in by petitioner. In fact, most of the confidential interview involved the Hearing Officer disclosing the particulars of the investigation for the record with the investigating officer simply affirming or denying the facts as stated by the Hearing Officer. Inasmuch as the determination of guilt was based upon the confidential information forming the basis for the misbehavior report, it must be annulled (*see Matter of Debose v Selsky*, 12 AD3d 1003, 1004 [2004]; *Matter of Irving v Goord*, 288 AD2d 787, 787-788 [2001]; *Matter of Callens v Goord*, 286 AD2d 811, 812 [2001]).

In view of the foregoing, petitioner's remaining contentions need not be addressed.

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references thereto from petitioner's institutional record.