█ In the Matter of NEAL CATLIN, Petitioner, v GOUVERNEUR CORRECTIONAL FACILITY, Respondent. [832 NYS2d 309]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with making

false statements, misuse of state property and sale or exchange of medications based upon the possession of a bottle of a prescription medication and the exchange of that medication with other inmates. After a tier II disciplinary hearing, petitioner was found not guilty of making false statements and guilty of the other two charges. Petitioner commenced this CPLR article 78 proceeding after the determination was affirmed on administrative appeal.

Petitioner first contends that the determination must be annulled because it was based upon a theory of guilt different from that set forth in the misbehavior report. The misbehavior report states that an investigation was initiated based upon the possibility that inmates had mistakenly been issued bottles of medication. The report also states that, after an investigation, it was determined that petitioner did in fact have possession of a bottle of pills and exchanged the pills with other inmates. The Hearing Officer found that, while there was insufficient proof that petitioner had been mistakenly issued a bottle of pills from the facility infirmary, the proof did establish that petitioner had possession of a bottle of pills and had exchanged the pills with other inmates. We find that the misbehavior report as a whole gave petitioner adequate notice of the nature of the charges to allow him to prepare a defense (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123 [1995]; *Matter of Williams v Goord*, 23 AD3d 972 [2005]).

Petitioner also argues that the information provided by the confidential informant was unreliable. A disciplinary determination may be based upon hearsay confidential information if it is sufficiently detailed to enable the Hearing Officer to make an independent assessment of the informant's reliability (*see Matter of Debose v Selsky*, 12 AD3d 1003, 1004 [2004]). Here, our review of the in camera testimony reveals that, although the Hearing Officer did not personally interview the confidential informant, he made adequate inquiries of the sergeant who received the confidential information and prepared the misbehavior report (*see Matter of Shicon v Goord*, 27 AD3d 811, 812 [2006]). Furthermore, the confidential information was sufficiently detailed and probative for the Hearing Officer to independently assess the reliability and credibility of it (*see Matter of Brown v Goord*, 286 AD2d 843, 843 [2001]; *Matter of Peters v Goord*, 280 AD2d 738, 739 [2001]). In light of the foregoing, we conclude that the finding of petitioner's guilt is supported by substantial evidence (*see Matter of Peters v Goord, supra*).

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.