In the Matter of EARL STONE, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [896 NYS2d 477]—

During the course of an investigation, a correction officer received confidential information that petitioner sold marihuana while in the correctional facility and also that he composed a threatening letter. As a result, he was charged in a misbehavior report with violating prison disciplinary rules prohibiting inmates from selling controlled substances and making threats. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was affirmed on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.

Initially, we note that the confidential information reviewed by the Hearing Officer in camera provided the basis for the misbehavior report as well as for the determination of guilt. "It is well settled that hearsay evidence in the form of confidential information relayed to the Hearing Officer may provide substantial evidence to support a determination of guilt where the Hearing Officer makes an independent assessment and determines that the information is reliable and credible" (*Matter of Vega v Goord*, 274 AD2d 807, 808 [2000] [citation omitted]; *accord Matter of Colon v Goord*, 23 AD3d 933, 934 [2005]). Notably, confidential information that is sufficiently detailed and probative may provide a basis for such assessment (*see Matter of Irving v Goord*, 288 AD2d 787, 787 [2001]; *see also Matter of Debose v Selsky*, 12 AD3d 1003, 1004 [2004]; *Matter of Callens v Goord*, 286 AD2d 811, 811-812 [2001]). Here, although the confidential information directly implicated petitioner in the sale of marihuana, it did not contain sufficient detail from which the reliability of such information could be ascertained.

Furthermore, the alleged threat letter did not identify the recipient. Inasmuch as the record reveals "that the Hearing Officer impermissibly relied on the correction officer's assessment as to the reliability and truthfulness of the information" (*Matter of Daise v Giambruno*, 279 AD2d 911, 911-912 [2001]), we conclude that the determination is not supported by substantial evidence and must be annulled. Given our disposition, we need not address petitioner's remaining claims.

Mercure, J.P., Peters, Rose, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record.