In the Matter of HECTOR TORRES, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [955 NYS2d 450]—

Mercure, J.P.

Initially, we note that petitioner has abandoned his challenge to the finding of guilt with regard to the smuggling charge.

With respect to the remaining charges, however, we must annul. While hearsay evidence in the form of confidential information may provide substantial evidence to support a determination of guilt, the information must be sufficiently detailed to allow the Hearing Officer to make an independent assessment to determine its reliability and credibility (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 121 [1995]; *Matter of Stone v Bezio*, 69 AD3d 1280, 1280 [2010]; *Matter of Catlin v Gouverneur Correctional Facility*, 38 AD3d 1025, 1026 [2007]). Here, the basis for the charges of demonstration and threats was a confidential note received by a correction officer. However, the note itself was not contained in the record, and its contents were never related in detail; thus, the Hearing Officer relied exclusively on the officer's testimony that he had used the informant before and that he considered the source to be reliable. Under these circumstances, we cannot conclude that the determination as to those two charges is supported by substantial evidence and, therefore, it must be annulled to that extent (*see Matter of Stone v Bezio*, 69 AD3d at 1281; *Matter of Colon v Goord*, 23 AD3d 933, 934 [2005]; *Matter of Daise v Giambruno*, 279 AD2d 911, 911-912 [2001]). Although the penalty has already been served, because a loss of good time was imposed, the matter must be remitted to respondent for a redetermination of the penalty (*see Matter of Linnen v Prack*, 92 AD3d 986, 987 [2012], *lv dismissed* 20 NY3d 905 [2012]; *Matter of Vega v Fischer*, 91 AD3d 1007, 1007 [2012]).

Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of demonstration and threats and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.