In the Matter of SHAWN EVANS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 257]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault on staff, violent conduct, interfering with staff and refusing a direct order as the result of a scuffle that ensued after he attempted to "headbutt" a correction officer who was trying to escort him to the showers. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, and that determination was affirmed upon petitioner's administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and use of force report* provide substantial evidence supporting the determination of guilt as to each charge (*see Matter of Burr v Fischer*, 100 AD3d 1313, 1313 [2012], *lv denied* 20 NY3d 857 [2013]; *Matter of Irwin v Fischer*, 85 AD3d 1336, 1337 [2011], *lv denied* 17 NY3d 712 [2011]). While petitioner denied committing the conduct alleged in the report and his inmate witnesses testified that petitioner was not the aggressor in the altercation, this created a credibility issue for the Hearing Officer to resolve (*see Matter of Spikes v Fischer*, 100 AD3d 1231, 1231 [2012], *lv denied* 20 NY3d 862 [2013]).

We have examined petitioner's remaining contentions and find them to be either without merit or unpreserved for our review. Although petitioner alleged in his administrative appeal that he was attacked in retaliation for filing past grievances against different correction officers, petitioner responded in the negative when the Hearing Officer asked him at the end of the hearing if he had anything further to add. Notably, petitioner's claim that a different Hearing Officer should have been chosen was not raised at the hearing at a time when petitioner's concerns could have been adequately addressed. In any event, "upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from

---

* Although petitioner complains that he was not provided with an unusual incident report, the Hearing Officer specifically told him at the hearing that one was not prepared (*see Matter of Dennis v Bezio*, 82 AD3d 1398, 1399 [2011]).

any alleged bias" (*Matter of Hyzer v Fischer*, 104 AD3d 983, 983 [2013]). Finally, inasmuch as petitioner did not mention his alleged mental health condition at the hearing or raise it as a defense, this issue also is not preserved for our review (*see Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]).

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.