*1010 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with disorderly conduct, making threats, conduct involving the threat of violence and demonstration after a confidential source alleged that he and other inmates were organizing a boycott of the nomination and voting process for the inmate liaison committee. Following a tier III disciplinary hearing, petitioner was found not guilty of disorderly conduct and guilty of the remaining charges. On administrative appeal, the determination was upheld with a reduction in the penalty assessed. Petitioner then commenced this CPLR article 78 proceeding.
The misbehavior report, testimony of the report’s author, and confidential information garnered from multiple sources constitute substantial evidence supporting the determination of guilt as to the charge of demonstration (see Matter of Meachem v Fischer, 108 AD3d 973, 974 [2013]; Matter of Brooks v Fischer, 92 AD3d 987, 988 [2012]). The testimony of petitioner and his witnesses to the contrary raised questions of credibility to be resolved by the Hearing Officer (see Matter of Evans v Fischer, 107 AD3d 1278, 1278 [2013]; Matter of Leslie v Fischer, 107 AD3d 1264,1265 [2013]). Nor was the misbehavior report defective due to its lack of specificity. The record demonstrates that petitioner was sufficiently apprised of this charge to prepare a defense, and we note that the charges resulted from an ongoing investigation and stemmed from his alleged ongoing interactions with numerous inmates at varying times (see Matter of Hayward v Fischer, 101 AD3d 1308, 1309 [2012]; Matter of Taylor v Fischer, 74 AD3d 1677, 1677 [2010]).
With respect to the charges involving threats, however, we must annul. The record contains no direct evidence of threats by petitioner and the hearsay evidence in the confidential record is inadequate. Hearsay in the form of confidential information may provide substantial evidence to support a determination of guilt when it is sufficiently detailed and probative to permit the Hearing Officer to make an independent assessment of its credibility and reliability (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Torres v Fischer, 101 AD3d 1281, 1282 [2012]; Matter of Catlin v Gouverneur Correctional Facility, 38 AD3d 1025, 1026 [2007]). Here, however, the correction officer’s description of the sources’ statements did not indicate that they had been threatened or had personal *1011 knowledge of any threats, nor did the officer provide details regarding the basis of their knowledge or whether they personally witnessed any conduct or statements by petitioner. The testimony was insufficiently detailed and specific to enable the Hearing Officer to independently assess the credibility or reliability of the confidential information, and it appears that he impermissibly relied on the correction officer’s assessment that the sources were truthful (see Matter of Debose v Selsky, 12 AD3d 1003, 1004 [2004]; Matter of Irving v Goord, 288 AD2d 787, 787-788 [2001]; Matter of Daise v Giambruno, 279 AD2d 911, 911-912 [2001]; Matter of Holmes v Senkowski, 238 AD2d 629, 629-630 [1997]). Thus, that part of the determination finding petitioner guilty of making threats and conduct involving the threat of violence is not supported by substantial evidence and must be annulled and, because a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty (see Matter of Jones v Fischer, 102 AD3d 1025, 1026 [2013]).
Peters, PJ., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of making threats and conduct involving the threat of violence and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.