*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 24, 2014                    517930
_____

In the Matter of ROBERT HAIGLER,
                    Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Egan Jr. and Clark, JJ.

                    _____

         Robert Haigler, Romulus, petitioner pro se.

         Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____

         Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

         During the course of an investigation in which confidential information was received, correction officials concluded that petitioner used another inmate's personal identification number (hereinafter PIN) and made three-way calls for the purpose of conspiring with and soliciting various individuals to bring drugs into the correctional facility during visitation.  As a result, he was charged in a misbehavior report with possessing drugs, smuggling, making three-way calls, using another inmate's PIN and violating facility visiting procedures.  He was found guilty of the charges following a tier III disciplinary hearing and the

determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We annul the determination insofar as it found petitioner guilty of possessing drugs, smuggling and violating facility visiting procedures.  Respondent maintains that the misbehavior report, confidential testimony and transcribed telephone conversations provide substantial evidence to support the determination that petitioner conspired to introduce drugs into the facility.  "Hearsay in the form of confidential information may provide substantial evidence to support a determination of guilt when it is sufficiently detailed and probative to permit the Hearing Officer to make an independent assessment of its credibility and reliability" (Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013], lv denied 22 NY3d 864 [2014] [citation omitted]; see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Torres v Fischer, 101 AD3d 1281, 1282 [2012]). A review of the record, however, reveals that large portions of the transcribed calls are inaudible, and the investigator provided insufficient detail to allow the Hearing Officer to independently assess the credibility of the confidential information (see Matter of Rosa v Fischer, 112 AD3d at 1011; Matter of Torres v Fischer, 101 AD3d at 1282).  Moreover, the investigator relied, in part, upon a prior misbehavior report – which charged petitioner with possession of drugs but was dismissed – for her conclusion that petitioner committed the rule violations at issue.  Under these circumstances, we conclude that the determination of guilt on the charges of possessing drugs, smuggling and violating facility visiting procedures are unsupported by substantial evidence.  However, the record supports the charges of making three-way calls and using another inmate's PIN.  Inasmuch as a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty (see Matter of Rosa v Fischer, 112 AD3d at 1011; Matter of Torres v Fischer, 101 AD3d at 1282).

Lahtinen, J.P., Stein, McCarthy, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drugs, smuggling and violating facility visiting procedures and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to these charges from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court