## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:    September 4, 2014                    516399
_____

In the Matter of JOSEPH MULLER,
                    Petitioner,

            v                                    MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:    August 21, 2014

Before:    McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                        _____


        Matthew P. McGowan, Prisoners' Legal Services of New York,
Albany, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.

                        _____


Garry, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        During the course of an investigation, correction officials
obtained confidential information that petitioner used threats
and intimidation to pressure other inmates to refrain from
participating in the process to elect members of the inmate
liaison committee (hereinafter ILC).  As a result, he was charged
in a misbehavior report with engaging in conduct involving the
threat of violence (rule 104.11) and organizing inmates to engage

in actions detrimental to the facility (rule 104.12). During a rehearing on these disciplinary charges,[1] various witnesses testified on behalf of petitioner, and the Hearing Officer also received confidential information through his in camera interview with two correction officials involved in the investigation. The Hearing Officer relied heavily upon this confidential information in finding petitioner guilty of the charges. The determination of guilt was later affirmed on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner contends that the determination is not supported by substantial evidence. "While hearsay evidence in the form of confidential information may provide substantial evidence to support a determination of guilt, the information must be sufficiently detailed to allow the Hearing Officer to make an independent assessment to determine its reliability and credibility" (Matter of Torres v Fischer, 101 AD3d 1281, 1282 [2012] [citations omitted]; see Matter of Colon v Goord, 23 AD3d 933, 934 [2005]). Notably, where the Hearing Officer obtains such information through the testimony of a correction officer who has interviewed a confidential informant, the questioning must be thorough and specific, to allow an adequate basis to gauge the informant's knowledge and reliability (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]). The Hearing Officer may not base his or her conclusion solely upon the correction officer's assessment of the confidential informant's truthfulness (see Matter of Rosa v Fischer, 112 AD3d 1009, 1011 [2013], lv denied 22 NY3d 864 [2014]; Matter of Torres v Fischer, 101 AD3d at 1282 [2012]).

Here, the captain who prepared the misbehavior report stated that an inmate he spoke with identified petitioner as the individual who told other inmates in the mosque not to participate in the ILC election process. He stated that another inmate, who he apparently did not interview, gave a note to

---

[1] The rehearing was apparently ordered because a potentially relevant witness was denied at the initial tier III disciplinary hearing.

another correction official that similarly implicated petitioner. The correction official who received the note testified that he received several confidential letters from inmates indicating that petitioner was a major participant in the scheme to force inmates to boycott the ILC election process. He stated that he personally interviewed three inmates and, without revealing their identities to the Hearing Officer, related the information that they disclosed to him.

A number of deficiencies with the in camera interview lead us to conclude that it did not provide an adequate basis for the Hearing Officer to independently assess the credibility and reliability of the confidential information. First, the captain did not provide any testimony to establish whether the inmate he interviewed had previously provided credible information to him or other officials, and he admitted that he did not even know the inmate who gave the note to the other correction official. Similarly, the correction official who interviewed the three unidentified inmates did not articulate the bases for finding their statements to be believable. Significantly, none of the letters or notes written by inmates allegedly implicating petitioner were admitted into evidence (see Matter of Torres v Fischer, 101 AD3d at 1282). Further, the statements of the inmates interviewed by the two officials lacked adequate specificity to establish petitioner's status as a leader of the boycott, or his act of threatening violence (see Matter of Colon v Goord, 23 AD3d at 934). Given these deficiencies, and as the confidential information was instrumental to the finding of guilt, we conclude that the determination is not supported by substantial evidence and must be annulled (see Matter of Eugenio v Fischer, 112 AD3d 1017, 1017-1018 [2013], lv denied 22 NY3d 863 [2014]; Matter of Rosa v Fischer, 112 AD3d at 1010-1011; Matter of Daise v Giambruno, 279 AD2d 911, 911-912 [2001]; compare Matter of Sheppard v Goord, 292 AD2d 694, 695 [2002]). In view of our disposition, we need not address petitioner's remaining claim.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time taken as a result thereof.

ENTER:

Robert D. Mayberger
Clerk of the Court