*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015                    519099
_____

In the Matter of ANDREW MULLER,
                    Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
   of Corrections and Community
   Supervision,
                    Respondent.
_____

Calendar Date:  December 2, 2014

Before:  Peters, P.J., Lahtinen, Lynch and Devine, JJ.

                    _____

         Andrew Muller, Romulus, petitioner pro se.

         Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

         Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

         After a discarded tissue containing 18.4 grams of marihuana
was discovered under a vending machine in the visiting room area,
petitioner was charged in a misbehavior report with conspiring to
introduce drugs into the correctional facility, smuggling and
violating visiting room procedures.  According to the misbehavior
report, the drugs were linked to petitioner as the result of an
on-going investigation based upon confidential information.
Following a tier III disciplinary hearing, petitioner was found
guilty of all charges.  That determination was confirmed upon
administrative appeal, prompting petitioner to commence this CPLR

article 78 proceeding.

Upon review of the confidential information, we agree with petitioner's contention that the Hearing Officer did not independently assess the reliability and credibility of the confidential information. A disciplinary determination may be based upon hearsay confidential information provided that it is sufficiently detailed and probative for the Hearing Officer to make an independent assessment of the informant's reliability (see Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013], lv denied 22 NY3d 864 [2014]; Matter of Debose v Selsky, 12 AD3d 1003, 1004 [2004]). Here, a review of the confidential information reveals that, other than a general statement of petitioner's involvement, there was a lack of adequate specificity and detail to establish the basis of petitioner's connection to or participation in the drug smuggling incident in the visiting room. Although the correction officer testified as to the confidential informant's reliability, the testimony was insufficiently detailed for the Hearing Officer to independently assess the reliability and credibility of the confidential information. Because the confidential information was instrumental in finding petitioner guilty of the charges, we find that the determination is not supported by substantial evidence and it, therefore, must be annulled (see Matter of Muller v Fischer, 120 AD3d 1452, 1454 [2014]; Matter of Rosa v Fischer, 112 AD3d at 1011; Matter of Palermo v Fischer, 110 AD3d 1293, 1293-1294 [2013]; Matter of Torres v Fischer, 101 AD3d 1281, 1282 [2012]).

Peters, P.J., Lahtinen, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record and restore any loss of good time taken as a result thereof.


ENTER:

Robert D. Mayberger
Clerk of the Court