*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 25, 2015                    519894
_____

In the Matter of MATTHEW
    COOPER,
                        Petitioner,

        v                                      MEMORANDUM  AND  JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   May 5, 2015

Before:   McCarthy, J.P., Garry, Devine and Clark, JJ.

                    _____

        Alissa R. Hull, Prisoners' Legal Services of New York,
Plattsburgh, for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        During the course of an investigation, a correction
sergeant received confidential information identifying petitioner
as one of the inmates involved in an attack upon another inmate.
As a result, she prepared a misbehavior report charging
petitioner with engaging in violent conduct and assaulting an
inmate.  Following a tier III disciplinary hearing, petitioner
was found guilty of the charges and the determination was later

affirmed on administrative appeal.[1]  This CPLR article 78 proceeding ensued.

Initially, we note that confidential information may provide substantial evidence supporting a prison disciplinary determination as long as it is sufficiently detailed and probative that the Hearing Officer may make an independent assessment of the reliability of the information (see Matter of Muller v Fischer, 125 AD3d 1034, 1035 [2015]; Matter of Rosa v Fischer, 112 AD3d 1009, 1010 [2013], lv denied 22 NY3d 864 [2014]).  Petitioner contends that the Hearing Officer failed to independently assess the reliability of the confidential information considered here.  Based upon our review of the record, we must agree.  The misbehavior report was the primary evidence supporting the disciplinary determination, as the sergeant who prepared it did not testify at the hearing.[2]  The sergeant based the report upon confidential memoranda that she prepared after obtaining incriminating information directly from the confidential source.  The memoranda, however, do not contain additional information or corroborating details to facilitate verification of the source's reliability (see Matter of Stone v Bezio, 69 AD3d 1280, 1280-1281 [2010]; Matter of Daise v Giambruno, 279 AD2d 911, 911-912 [2001]).  Moreover, the Hearing Officer did not personally interview either the source or the sergeant who obtained the information.  In view of this, we agree with petitioner that the necessary independent assessment of the confidential information was lacking and that the determination must be annulled and all references thereto expunged from petitioner's institutional record (see Matter of Muller v Fischer, 125 AD3d at 1035; Matter of Stone v Bezio, 60 AD3d at 1281; compare Matter of Catlin v Gouverneur Correctional Facility, 38 AD3d 1025, 1026 [2007]).

---

[1]  The penalty was subsequently modified upon discretionary review.

[2]  Although the Hearing Officer also appears to have relied upon handwritten notes purportedly written by petitioner that were found in the victim's cell, no evidence was presented that these notes were, in fact, written by petitioner.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.


ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record and to restore any good time taken as a result thereof.


ENTER:

Robert D. Mayberger
Clerk of the Court