# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 26, 2017                    523573
_____

In the Matter of DEWITT
   McGRIFF,
                         Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Director
   of Special Housing and
   Inmate Disciplinary
   Programs,
                         Respondent.
_____

Calendar Date:   November 29, 2016

Before:  Peters, P.J., McCarthy, Devine, Clark and Mulvey, JJ.

                         _____

        Dewitt McGriff, Fallsburg, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Patrick A.
Woods of counsel), for respondent.

                         _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        During the course of an investigation, an investigator
monitoring petitioner's telephone calls became suspicious that
petitioner was involved in a plan with others, including another
inmate, to smuggle drugs into the correctional facility.
According to the investigator, petitioner arranged in coded
telephone conversations to have drugs delivered to another
inmate's wife who would, in turn, bring them into the

correctional facility. When the inmate's wife came to the correctional facility to visit her husband, she voluntarily surrendered a quantity of heroin to correction officials. Thereafter, petitioner was charged in a misbehavior report with smuggling, conspiring to introduce drugs into the facility, making third-party calls and violating visiting room procedures. At the conclusion of a tier III disciplinary hearing, he was found guilty of smuggling, conspiring to introduce drugs into the facility and making third-party calls, but not guilty of violating visiting room procedures. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

Petitioner contends, among other things, that the determination is not supported by substantial evidence. With respect to that part of the determination finding him guilty of smuggling and conspiring to introduce drugs into the correctional facility, we agree. The tape-recorded conversation that was read into the record during the hearing is replete with inaudible portions rendering it impossible to ascertain if, in fact, petitioner was a participant in the smuggling plan (see Matter of Haigler v Fischer, 119 AD3d 1261, 1262 [2014], lv denied 24 NY3d 908 [2014]; see also Matter of Gibson v Fischer, 54 AD3d 1086, 1086 [2008]). Moreover, the investigator who authored the misbehavior report did not identify the coded language allegedly used during the telephone conversation that led him to believe that petitioner was involved in such a plan (see Matter of Muller v Fischer, 125 AD3d 1034, 1035 [2015]; see also Matter of Brooks v Commissioner of Special Hous. Unit, 96 AD3d 1317, 1317 [2012]). The confidential information considered by the Hearing Officer in camera – which only calls the accuracy of the conversation read into the record at the hearing into further doubt – does not remedy these deficiencies. Thus, the determination must be partially annulled. The record does support that part of the determination finding petitioner guilty of making third-party calls (see Matter of Haigler v Fischer, 119 AD3d at 1262). Although we are annulling part of the determination, the matter need not be remitted for a reassessment of the penalty on the remaining charge given that no loss of good time was imposed and petitioner has already served the penalty (see Matter of Kim v Annucci, 128 AD3d 1196, 1198 [2015]). Petitioner's remaining

arguments, to the extent they need be considered in view of our disposition, are without merit.

Peters, P.J., McCarthy, Devine, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and conspiring to introduce drugs into the correctional facility; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court