Matter of Malave v Venettozzi (2018 NY Slip Op 07813)





Matter of Malave v Venettozzi


2018 NY Slip Op 07813


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526230

[*1]In the Matter of ANTHONY MALAVE, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing And Inmate Disciplinary Programs, Respondent.

Calendar Date: October 15, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.


Law Office of Thomas Terrizzi, Wilmington (Thomas Terrizzi of counsel), for petitioner.
Barbara D. Underwood, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
McCarthy, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner's telephone calls were monitored as part of an investigation by correction officials into a contraband smuggling operation at the correctional facility where he is incarcerated. During a telephone conversation with his wife on March 17, 2017, petitioner purportedly asked her if she had the "one bill," a code word for a $100 bill. When she arrived at the correctional facility the next day to visit petitioner, she allegedly told him, among other things, that she had the "one bill" and some twenties. Based on these conversations, correction officials suspected that money was exchanged during the visit. As a result, petitioner was charged in a misbehavior report with smuggling, violating facility telephone procedures, violating facility visiting room procedures and exchanging personal identification numbers. Following a tier III disciplinary hearing, the charge of exchanging personal identification numbers was dismissed, but petitioner was found guilty of the remaining charges. The determination was later upheld on administrative appeal and this CPLR article 78 proceeding ensued.
Petitioner contends, among other things, that substantial evidence does not support the determination of guilt. Based upon our review of the record, we agree. The audiotape of the [*2]telephone conversations forming the basis for the charges does not reveal that petitioner asked his wife to bring money into the correctional facility or that she, in fact, did so on the date of the visit. During her testimony, she stated that petitioner asked her to obtain a large bill to put in a birthday card for his mother and that she left the money in her purse in the car during the visit. She stated that she would occasionally get cards from petitioner during visits and then bring them to the post office to be mailed. Notably, the record contains a package room receipt indicating that petitioner's wife left with a card following her visit with petitioner [FN1]. No evidence was presented that an actual exchange of money was made between petitioner and his wife during the visit or that petitioner used the telephone or visiting room to facilitate such an exchange. Consequently, the determination must be annulled (see e.g. Matter of Stevens v Zenzen, 156 AD3d 1001, 1002 [2017]; Matter of McGriff v Venettozzi, 146 AD3d 1269, 1269-1270 [2017]). In view of our disposition, we need not address petitioner's remaining claims.
Egan Jr., Devine, Clark and Aarons, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record and to restore any loss of good time.



Footnotes

Footnote 1: Although the Hearing Officer refused to consider this evidence on the ground that it was irrelevant, it is supportive of petitioner's claim that he asked his wife to put money in a birthday card to send to his mother.