■ In the Matter of ALEX LOPEZ, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [645 NYS2d 136] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Insofar as is relevant to this proceeding, petitioner, an inmate at Clinton Correctional Facility in Clinton County, was charged with and found guilty of engaging in unauthorized organizational, i.e., gang-related, activities and a penalty was imposed. Petitioner has commenced this proceeding pursuant to CPLR article 78 to challenge that determination contending, *inter alia*, that the determination is not supported by substantial evidence in the record as a whole. We agree. Although adequate to apprise petitioner of the charges against him, the misbehavior report, standing alone, is not sufficiently detailed to sustain the underlying determination, and the conclusory testimony offered by the correction officer who testified at petitioner's disciplinary hearing does not, in our view, constitute the type of relevant proof that a reasonable mind would accept as adequate to support the determination at issue (*see generally, Matter of Williams v Coughlin*, 190 AD2d 883, 884, *lv denied* 82 NY2d 651).* As the underlying determination cannot be said to be supported by substantial evidence, it must be annulled and, inasmuch as it appears that petitioner has al-

---

* Although the testimony provided by the confidential informant would have been sufficient, in our view, to establish petitioner's rule violation, a review of the Hearing Officer's decision plainly reflects that he did not rely upon the confidential informant's testimony in reaching his determination, and we cannot confirm an administrative determination on a ground not

ready served his administrative penalty, the appropriate remedy is expungement.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to this matter from petitioner's institutional record.

---

invoked by the agency (*see generally, Matter of Berchielli v Zoning Bd. of Appeals*, 202 AD2d 733, 734, *lv denied* 83 NY2d 757).