■ In the Matter of WILLIAM JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [728 NYS2d 103] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges the determination of guilt—after a tier III hearing—of violating prison disciplinary rules which prohibit extortion and threats of violence. The evidence against petitioner consisted of the misbehavior report and testimony of its author, who did not witness the incident but was told about it by the inmate victim. Although the misbehavior report lists an incident date and time, it is apparent that they refer to the reporting of the incident by the victim and not to the date and time of the incident itself. The misbehavior report's description of the incident states that it occurred in the facility gym on a different date, January 10, 2000, but there is nothing in the report or elsewhere in the record to establish that the victim provided even an approximate time for the incident.

The investigation by the correction officer who authored the report disclosed that the facility document which could have established whether petitioner was in the gym on the date of the incident was missing. Although the investigation produced no direct or indirect evidence to corroborate the victim's story, including any evidence of petitioner's presence in the gym, the author of the report nevertheless testified that his investigation demonstrated to him that petitioner was capable of engaging in the misconduct. In support of his claim of innocence, petitioner presented evidence that he only went to the gym when his team had a basketball game and that there was no game on January 10, 2000. He presented additional evidence that he spent part of that afternoon, when he could have gone to the gym, in the facility library and grievance office and that

he also watched television during afternoon and evening hours of that day. Another inmate listed in the misbehavior report as involved in the incident testified that petitioner was not involved.

We conclude that the determination of petitioner's guilt is not supported by substantial evidence. The determination was expressly based on the finding that petitioner's proof failed to establish that he was never in or near the gym at any time on January 10, 2000. In the absence of the victim's testimony or any evidence to corroborate his story, the evidence, or lack thereof, to support petitioner's claim that he was not in the gym was clearly viewed by respondent as a critical factor in the determination. It is equally clear that the time of the incident must also be viewed as a critical factor, for petitioner's failure to prove that he was elsewhere in the facility during the entire day is only relevant if the incident occurred during a period of time that fell within the gaps in petitioner's proof regarding his presence elsewhere. In the absence of any evidence of the time of the incident, the finding implicit in the determination—that the incident in the gym occurred during a period of time not encompassed by petitioner's proof of his presence elsewhere in the facility—is speculation. Accordingly, we conclude that the evidence in the record as a whole does not constitute the type of relevant proof that a reasonable mind would accept as adequate to support the determination (*see, Matter of Lopez v Coombe*, 229 AD2d 639, 639-640; *Matter of Sanchez v Coughlin*, 132 AD2d 896, 898). The determination must, therefore, be annulled and, as a result, there is no need to discuss the various procedural issues raised by petitioner.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record and to restore any good time taken from petitioner as a result thereof.