■ In the Matter of ALLEN PLOWDEN, Petitioner, v A. BUNN, as Hearing Officer at Collins Correctional Facility, Respondent. [830 NYS2d 922]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violent conduct and assault following a tier III disciplinary hearing. The determination was affirmed after an administrative appeal and this CPLR article 78 proceeding ensued. We confirm.

The misbehavior report, testimony at the hearing and

confidential information provide substantial evidence to support the determination of guilt. Petitioner's objections to the Hearing Officer's considerations of the confidential information, the attack on the sufficiency of the misbehavior report and his claim that he was denied the right to call certain witnesses are unpersuasive. Although the Hearing Officer did not interview the confidential informant, the record reveals that the investigating correction officer provided ample information enabling the Hearing Officer to independently evaluate the reliability and credibility of the informant's information (*see Matter of Sime v Goord*, 30 AD3d 887, 889 [2006], *lv denied* 7 NY3d 717 [2006]). Contrary to petitioner's contention that the misbehavior report inadequately described his specific role, the report provided petitioner with the detail necessary to prepare a defense (*see Matter of Smith v Portuondo*, 309 AD2d 1028 [2003]). Petitioner's assertion that he was denied the right to call certain witnesses is belied by the record, and his remaining claims are unpreserved for review and, in any event, lacking in merit.

Mercure, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.