In the Matter of JOHNATHAN GIBSON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents [864 NYS2d 183]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation into a telephone call that petitioner made to his wife, petitioner was charged in a misbehavior report with smuggling, drug possession, violating visiting room procedures and making unauthorized calls. He was found guilty of the charges following a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Upon reviewing the record, we do not find that substantial evidence supports petitioner's guilt of the charges at issue (*see Matter of Warren v Goord*, 49 AD3d 1099, 1100 [2008]; *Matter of Deoleo v Selsky*, 29 AD3d 1102, 1103 [2006]). The misbehavior report and the hearing transcript do not contain sufficient detail to conclude that petitioner violated the rules alleged. Likewise, the transcript of the conversation between petitioner and his wife is vague and does not indicate that the two were discussing smuggling drugs into the facility through use of the facility visiting room nor does the record suggest that any drugs were recovered. Furthermore, petitioner's admission that he allowed "people to get on [his] phone" does not establish that he engaged in making a telephone call connected through call forwarding (*see* 7 NYCRR 270.2 [B] [22] [ii]). Therefore, the determination must be annulled and all references thereto expunged from petitioner's institutional record. In view of our disposition, we need not address petitioner's remaining claims.

Cardona, P.J., Spain, Carpinello, Kane and Malone Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.