■ In the Matter of MAURICE BENSTON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [888 NYS2d 305]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a physical altercation between petitioner and another inmate, a confidential informant disclosed to a correction officer that petitioner was affiliated with a gang and that the altercation occurred because the other inmate was a rival gang member who had disrespected petitioner. In response, the correction officer interviewed petitioner and petitioner denied any gang affiliation. Petitioner was thereafter charged in two misbehavior reports. The first charged him with refusing a direct order, creating a disturbance, fighting and assault. The second charged him with engaging in unauthorized organizational activities and making a false statement. A combined tier III disciplinary hearing covering both misbehavior reports was thereafter held. At the conclusion of the hearing, petitioner was found guilty of all charges except fighting. Although the determination was modified on administrative appeal and certain charges were dismissed, that part of the determination finding petitioner guilty of engaging in unauthorized organizational activities was upheld. This CPLR article 78 proceeding ensued.

Petitioner's sole challenge is to that part of the determination finding him guilty of engaging in unauthorized organizational activities. As to this charge, the second misbehavior report, the testimony of the sergeant who authored it and the confidential information considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (*see Matter of Samuel v Fischer*, 53 AD3d 960, 960 [2008]; *Matter of Garner v Selsky*, 47 AD3d 1167, 1167 [2008]). Although the Hearing Officer did not personally interview the confidential informant, "the record indicates that the Hearing Officer independently assessed the reliability of the confidential informant through a detailed exchange between himself and the sergeant who interviewed the informant" (*Matter of Staton v Goord*, 41 AD3d 1105, 1106 [2007]; *see Matter of Plowden v Bunn*, 38 AD3d 1107, 1108 [2007]). Insofar as petitioner denied any gang affiliation, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Garner v Selsky*, 47 AD3d at 1167). Petitioner's challenge to the sufficiency of the misbehavior report has not been preserved for our review given his failure to raise it at the disciplinary hearing (*see Matter of Sessoms v Commissioner of Correctional Servs.*, 63 AD3d 1400, 1400 [2009]).

Mercure, J.P., Peters, Lahtinen, Kane and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.