In the Matter of BRIAN FRANCE, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [911 NYS2d 244]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found to be in possession of an address book containing numerous inmate names, nicknames and addresses, including what was believed to be a gang roster list. As a result,

he was charged in a misbehavior report with possessing gang-related materials. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Upon reviewing the record, we agree with petitioner that the record does not contain substantial evidence supporting the determination of guilt. Although the correction officer who authored the misbehavior report testified that he was trained in identifying gang-related material, he admitted that he did not know the meaning of the symbols appearing next to the names of the inmates in the address book and did not provide a meaningful explanation of how he knew that such symbols were gang related. The only basis for his conclusion that the book contained a gang roster list was that some of the inmates whose names were denoted by the symbols were known to be members of the Latin Kings organization. The officer did not, however, know whether all of the inmates on the list and denoted by symbols were, in fact, members of this gang. In the absence of substantial evidence that the address book contained gang-related information, the determination must be annulled and all references thereto expunged from petitioner's institutional record (*see Matter of Lopez v Coombe*, 229 AD2d 639 [1996]; *compare Matter of Wheeler-Whichard v Fischer*, 69 AD3d 1286 [2010]).

Peters, J.P., Lahtinen, Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.