██ In the Matter of PAUL SMITH, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [953 NYS2d 392]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty, after a tier III hearing, of violating the prison disciplinary rules that prohibit making a false statement and counterfeiting a document. According to the misbehavior report, dated January 4, 2011, petitioner, in his capacity as a chaplain's aide, prepared a special event packet for a January 7, 2011 holiday celebration that contained false information about the keeplock and special housing unit status of various inmates named on the list. The author of the report testified that such false information, if undetected, could have allowed the listed inmates to improperly obtain trays of food. Following the determination of guilt, petitioner pursued an unsuccessful administrative appeal.

Petitioner maintains that the determination of guilt was not supported by substantial evidence and, upon our review of the record, we agree. Notably, the hearing proof established that, while petitioner originally submitted a packet to the deacon for the purpose of submitting it to the facility, the deacon gave it back to him for revisions unrelated to the subject charges.* The deacon testified that a final packet was given back to him on or just prior to December 16, 2010, at which point it was immediately submitted to the facility for processing. The deacon acknowledged that it could not have been petitioner who gave the final packet back to him inasmuch as it is undisputed that petitioner was on keeplock status from approximately December 10, 2010 until December 24, 2010. Significantly, the deacon's testimony also established that petitioner was not the only inmate with access to the computer where the packet was prepared. Inasmuch as none of the evidence, including the confidential proof concerning events on January 12, 2011, links petitioner to the final report submitted to the facility on or immediately after December 16, 2010, when petitioner was keeplocked, we conclude that, under the circumstances, the determination of guilt must be annulled and all references thereto expunged from petitioner's institutional record (see Matter of France v Bezio, 78 AD3d 1352, 1353 [2010]; Matter of Gibson v Fischer, 54 AD3d 1086 [2008]).

Given this result, it is unnecessary to reach petitioner's remaining arguments.

---

* Although petitioner requested a copy of the original packet he submitted to the deacon so that it could be compared to the final one, it could not be produced.

Peters, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and the Commissioner of Corrections and Community Services is directed to expunge all references thereto from petitioner's institutional record.