Malone Jr., J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
*1312 On August 3, 2011, shortly after his transfer from Livingston Correction Facility in Livingston County, petitioner was served with a misbehavior report issued at the new facility, Collins Correctional Facility in Erie County, alleging that he violated prison disciplinary rules by smuggling and possessing drugs. Specifically, a Collins correction officer searching the “left front pocket of a pair of sweatpants” that were in petitioner’s personal property transferred from Livingston “found a clear plastic bag which contained 12 clear plastic bags containing a green leafy substance” as well as some pills. The leafy substance subsequently tested positive for marihuana. A tier III disciplinary hearing was held, after which petitioner was found guilty of all charges. Following an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding challenging the determination of guilt.
Petitioner maintains that the determination of guilt was not supported by substantial evidence in the record and, upon review of the record, we agree. Correction Officer Wilson testified that, at Livingston, he searched petitioner’s cell and property, including his sweatpants on July 14, 2011, and he did not find any drugs. Wilson relayed that, immediately following the search, petitioner was escorted to the special housing unit and had no further access to his property. Two other Livingston correction officers testified that, after petitioner was escorted to the special housing unit, they searched his property and also found no drugs or contraband. Petitioner’s property was then sealed for transfer to Collins, where it was searched and the contraband discovered. As a result of this proof, the Hearing Officer concluded that petitioner had no access to his property after it was removed from his cell at Livingston. Nonetheless, the Hearing Officer found petitioner guilty of the charged violations based on his findings that the correction officers’ denials that they planted the drugs was credible, as was one correction officer’s acknowledgment that it was possible that he might have missed the drugs in the course of his search.
We find this showing to be deficient. “An administrative determination is supported by substantial evidence when one could reasonably reach the agency’s determination on the basis of the evidence presented” (Matter of Gonzales v LeFevre, 105 AD2d 909, 910 [1984] [citation omitted]). Here, reasonable evidence connecting petitioner to the contraband is lacking (see e.g. Matter of Vargas v Selsky, 69 AD3d 1078 [2010]). Instead, the uncontradicted proof is that, after petitioner’s property left his hands, it was searched by three different Livingston correction officers with no drugs found. Under these circumstances, the *1313 determination of guilt must be annulled and all references thereto expunged from petitioner’s institutional record (see Matter of France v Bezio, 78 AD3d 1352, 1353 [2010]; Matter of Gibson v Fischer, 54 AD3d 1086 [2008]).
Given this result, it is unnecessary to reach petitioner’s remaining arguments.
Peters, PJ., Rose, Stein and Egan Jr., JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references thereto from petitioner’s institutional record.