Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
After receiving information that a series of gang-related assaults were imminent, prison officials conducted an investigation and discovered that one of the intended victims was petitioner, a prison inmate, who was alleged to be a gang leader. The planned assaults were determined to be in retaliation for an earlier attempted assault allegedly perpetrated by a member of petitioner’s gang at his direction. As a result, petitioner was charged in a misbehavior report with gang activity and conspiracy to commit assault, make threats, engage in violent conduct, create a disturbance and possess weapons. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal, with a reduction in the penalty assessed. Petitioner then commenced this CPLR article 78 proceeding. Upon our review, we find substantial evidence to support the gang activity charge, but not the conspiracy charges.
The misbehavior report, testimony of the investigating officer and confidential information provide ample support for the determination that petitioner was engaged in unauthorized gang activity as the leader of the Bloods gang at his correctional facility (see Matter of Gomez v Fischer, 89 AD3d 1341, 1341 [2011]; Matter of Ballou v New York State Dept. of Correctional Servs., 80 AD3d 1058, 1058-1059 [2011]; Matter of Hines v Goord, 29 AD3d 1204, 1205 [2006]). The testimony of petitioner and his inmate witnesses that he was not engaged in gang activity raised a credibility question for the Hearing Officer to resolve (see Matter of Williams v Fischer, 102 AD3d 1044, 1044 [2013]; Matter of Hayward v Fischer, 101 AD3d 1308, 1309 [2012]; Matter of Benston v Fischer, 67 AD3d 1139, 1139 [2009]).
Although the confidential information identified petitioner as the Bloods’ leader, it did not provide any indication that petitioner had ordered, or was otherwise involved in, the unsuccessful assault on the rival gang member. The investigating officer testified that such an attempt would not have been made without authorization from the leader of the gang, but the statement of the confidential informant does not include this infor *1294 mation and the investigating correction officer offered no other basis or foundation for his conclusion (see e.g. Matter of Parker v Fischer, 106 AD3d 1305,1306 [2013]; Matter of France v Bezio, 78 AD3d 1352, 1353 [2010]; Matter of Lopez v Selsky, 233 AD2d 574, 575 [1996]). Accordingly, the determination must be annulled to the extent that it found petitioner guilty of the conspiracy charges and, in light of the recommended loss of good time, the matter must be remitted for a redetermination of the appropriate penalty (see Matter of Joseph v Fischer, 85 AD3d 1514, 1515 [2011]). Petitioner’s remaining contentions have been rendered academic or considered and found to be without merit.
Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of conspiracy to commit assault, make threats, engage in violent conduct, create a disturbance and possess weapons and as imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to these charges from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.