Garry, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling, possessing excess stamps and possessing an authorized item in an unauthorized area. According to the report, an authorized random search of petitioner’s cell revealed 231 stamps “secreted” throughout the cell; two of these stamps were of the type that could not be purchased by inmates in the special housing unit, thus prompting a charge of possession of an authorized item in an unauthorized area. Fifty-one of the 231 stamps were then returned to petitioner, while the remaining ones were confiscated as contraband. At the ensuing tier III disciplinary hearing, petitioner denied receiving the recently-issued facility memorandum detailing the various restrictions as to which types of stamps could be purchased at the commissary. Accordingly, the Hearing Officer dismissed the charge of possession of an authorized item in an unauthorized area. Petitioner was thereafter found guilty of smuggling and possession of excess stamps. That determination was affirmed upon petitioner’s administrative appeal, prompting the commencement of this CPLR article 78 proceeding.
Initially, we find that the misbehavior report and hearing testimony provide substantial evidence to support the determination of guilt as to the charge of possession of excess stamps (see Matter of Merritt v Fischer, 108 AD3d 993, 993-994 [2013]; Matter of Porter v Selsky, 67 AD3d 1151, 1151 [2009]). Petitioner’s denial that these stamps belonged to him created a credibility issue for the Hearing Officer to resolve (see Matter of Spikes v Fischer, 100 AD3d 1231, 1231 [2012], lv denied 20 NY3d 862 [2013]). Further, contrary to petitioner’s argument, the record confirms that he received adequate employee assistance and, “[i]nsofar as the assistant failed to provide petitioner with certain documents, the Hearing Officer cured this deficiency by producing them at the hearing” (Matter of McNeil v Fischer, 95 AD3d 1520, 1521-1522 [2012]; see Matter of Rivera v Fischer, 110 AD3d 1277, 1278 [2013]).
Turning to petitioner’s challenge to the remaining charge of smuggling, however, we reach a different result. Standing alone, the possession of excess stamps does not raise an inference that *1143 the items were smuggled, as these items can be purchased by inmates in restricted amounts. Such an inference might have been reasonable had the charge relating to the prohibited stamps been upheld, but this charge was specifically dismissed at the hearing and there was no other proof presented that would support a separate charge of smuggling (see e.g. Matter of Smith v Fischer, 85 AD3d 1481, 1482-1483 [2011]; Matter of Porter v Selsky, 67 AD3d at 1151). Accordingly, the determination of guilt as to the smuggling charge is not supported by substantial evidence and must be annulled, with all references thereto expunged from petitioner’s institutional record (see Matter of Moore v Fischer, 100 AD3d 1311, 1312-1313 [2012]). Moreover, “because a loss of good time was imposed, the matter must be remitted for a redetermination of the penalty” (Matter of Rosa v Fischer, 112 AD3d 1009, 1011 [2013]).
Peters, EJ., Lahtinen and McCarthy, JJ., concur.
Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violation; and, as so modified, confirmed.