Matter of Medina v Rodriguez (2018 NY Slip Op 00966)





Matter of Medina v Rodriguez


2018 NY Slip Op 00966


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


49 TP 17-00390

[*1]IN THE MATTER OF ANTHONY MEDINA, PETITIONER,
v
A. RODRIGUEZ, ACTING DIRECTOR, SPECIAL HOUSING/INMATE DISCIPLINARY PROGRAM OF NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






ANTHONY MEDINA, PETITIONER PRO SE. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered February 17, 2017) to annul a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding seeking to annul the determination, following a tier III hearing, that he violated various inmate rules. At the outset, we note that, " [b]ecause the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court' " (Matter of Wearen v Deputy Supt. Bish, 2 AD3d 1361, 1362 [4th Dept 2003]). Nevertheless, we address petitioner's contentions in the interest of judicial economy (see id.).
We reject petitioner's contention that he was improperly denied his right to call witnesses inasmuch as the requested witnesses would have provided testimony that was either irrelevant or redundant (see Matter of Cruz v Annucci, 152 AD3d 1100, 1102 [3d Dept 2017]; see also 7 NYCRR 253.5 [a]).
We also reject petitioner's contention that he was denied effective employee assistance. "Insofar as the assistant failed to provide petitioner with certain documents, the Hearing Officer cured this deficiency by producing them at the hearing" (Matter of McNeil v Fischer, 95 AD3d 1520, 1521-1522 [3d Dept 2012]; see Matter of Lashway v Fischer, 117 AD3d 1141, 1142 [3d Dept 2014]).
Petitioner further contends that he was effectively denied access to documents because he was unable to read them and he was not provided with reasonable accommodations for his visual impairment. We reject that contention. The record establishes that petitioner was provided with a functioning CCTV device that assisted him in reading documents, and the record further establishes that the accommodations provided to petitioner enabled him to understand the charges against him and vigorously participate in the proceedings (see Matter of McFadden v Prack, 120 AD3d 853, 854-855 [3d Dept 2014], lv dismissed 24 NY3d 930 [2014], lv denied 24 NY3d 908 [2014]).
We have reviewed petitioner's remaining contentions, and we conclude that they are without merit.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court