Matter of Wester v Department of Corr. & Community Supervision (2025 NY Slip Op 02124)

Matter of Wester v Department of Corr. & Community Supervision

2025 NY Slip Op 02124

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-1132
[*1]In the Matter of Christopher L. Wester, Petitioner,
v
Department of Corrections and Community Supervision, Respondent.

Calendar Date:March 21, 2025

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Christopher L. Wester, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany Court) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After a search of petitioner's cube disclosed, among other things, two photographs depicting petitioner posing for pictures with a smiling young girl on his back, petitioner was charged in a misbehavior report with smuggling, possession of contraband and possession of gang materials. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty, which included 37 days in the special housing unit and a recommended loss of one-month good time credit, was imposed. Upon administrative appeal, the smuggling charge was dismissed, but the findings of guilt were otherwise affirmed with no change in the penalty. Petitioner commenced this CPLR article 78 proceeding challenging the underlying determination.
The determination must be annulled in its entirety. Initially, respondent concedes, and we agree, that the administrative record does not support a finding of guilt on the possession of contraband charge (see Matter of Edwards v Annucci, 131 AD3d 770, 770 [3d Dept 2015]). Nor is there substantial evidence to support the finding of guilt on the possession of gang materials charge. Pertinent here, prison disciplinary rule 105.13 prohibits an incarcerated individual from possessing "gang insignia or materials," including "printed or handwritten gang or gang related materials" (7 NYCRR 270.2 [B] [6] [iv]). "For purposes of this rule, printed or handwritten gang or gang related material is written material that, if observed in the incarcerated individual's possession, could result in an inference being drawn about the incarcerated individual's gang affiliation" (7 NYCRR 270.2 [B] [6] [iv] [emphasis added]).
We have viewed the photographs obtained during the search. One photograph depicts petitioner crouched down with both hands touching the ground and with a little girl on his back posing in front of a picture backdrop portraying the outline of buildings. The other picture depicts petitioner in this same position with the same little girl on his back and another girl standing next to him posing in front of a picture backdrop of hearts. In his brief, petitioner explains that these were family photographs taken in a maximum security facility's visiting room with his nieces more than six years before the search in question. Petitioner and both girls are smiling in the pictures. During the administrative hearing, the correction officer who performed the search testified that petitioner's pose in the pictures — i.e., crouched down with his hands touching the floor, was commonly used to identify affiliation with a street gang known as the "Gorilla Stones." A supervising rehabilitation coordinator also opined as much after reviewing the pictures, stating [*2]that it was "common for Gorilla Stone" members "to pose with the hands or knuckles on the floor." Significantly, however, neither of these witnesses checked whether petitioner was affiliated with this gang or, for that matter, any gang. Two other correction officers testified that they were not aware of petitioner having any gang affiliation. For his part, throughout the hearing petitioner maintained that he had no gang affiliation. Although we are mindful that substantial evidence is a minimal standard, without any such confirmation or other evidence indicating that petitioner was affiliated with a gang, these photographs could in no rational way "result in an inference being drawn" in that regard (7 NYCRR 270.2 [B] [6] [iv]; see Matter of France v Bezio, 78 AD3d 1352, 1353 [3d Dept 2010]; Matter of Lopez v Coombe, 229 AD2d 639, 639 [3d Dept 1996]; see generally Matter of Palermo v Fischer, 110 AD3d 1293, 1294 [3d Dept 2013]).
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is annulled, with costs, petition granted, and respondent is directed to expunge all references to the charges from petitioner's institutional record and to restore any loss of good time.