# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

624
TP 11-00161
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF JESSIE J. BARNES, PETITIONER,

               V                            MEMORANDUM AND ORDER

RONALD HARLING, SUPERINTENDENT, MONROE COUNTY
JAIL, RESPONDENT.

---

JESSIE J. BARNES, PETITIONER PRO SE.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Thomas A. Stander, J.], entered December 9, 2009) to review determinations of respondent. The determinations found that petitioner had violated various jail rules.

It is hereby ORDERED that the determinations are unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging the determinations that he violated certain rules and regulations while he was an inmate at the Monroe County Jail, and Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g) inasmuch as the petition raised an issue of substantial evidence. We conclude that petitioner is not entitled to any of the relief he seeks. Petitioner failed to establish that respondent ever violated a court order or willfully failed to comply with his disclosure request, and thus he is not entitled to a default judgment or any other relief based on any alleged violation or willful failure to comply with his disclosure request (*see* CPLR 3126; *Matter of Seneca Foods Corp. v Jorling*, 168 AD2d 967, 968, *lv denied* 77 NY2d 808). Petitioner's sentencing during the pendency of this proceeding and his subsequent incarceration render moot the applicability of the conditions and policies of the Monroe County Jail to petitioner, where he previously was housed (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).

Entered:  June 8, 2012                        Frances E. Cafarell
                                               Clerk of the Court