In the Matter of Edwin Carrasquillo, Petitioner, v Calvin Rabsatt, as Superintendent of Riverview Correctional Facility, et al., Respondents. [971 NYS2d 365]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating various prison disciplinary rules after a log book containing inmate nicknames was stolen and destroyed. A tier III disciplinary hearing was conducted, after which he was found guilty of damaging property and being out of place. The determination was affirmed upon administrative appeal, and petitioner commenced this CPLR article 78 proceeding.

While hearsay evidence may constitute substantial evidence to support a determination of guilt, it must be sufficiently detailed to allow the Hearing Officer to independently assess its reliability and credibility (*see Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 121 [1995]; *Matter of Torres v Fischer,* 101 AD3d 1281, 1282 [2012]).* The basis for the charges here were written and oral statements by inmates implicating petitioner as the thief. There is no indication, however, that those statements were independently reviewed by the Hearing Officer, who based his determination solely upon the misbehavior report and testimony of the correction lieutenant who authored it. The lieutenant stated that he merely compiled the work of other officers who had contact with unidentified inmates that "consistent[ly]" identified petitioner as the culprit. Indeed, he did not indicate that he was personally familiar with the inmates or provide any additional basis for his belief that their statements were credible. Inasmuch as "the Hearing Officer impermissibly relied on the correction [lieutenant's] assessment as to the reliability and truthfulness of the information," the determination is not supported by substantial evidence and must be annulled (*Matter of Daise v Giambruno,* 279 AD2d 911, 911-912 [2001]; *see Matter of Torres v Fischer,* 101 AD3d at 1282; *Matter of Colon v Goord,* 23 AD3d 933, 934 [2005]).

Peters, P.J., Stein, McCarthy and Garry, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner's institutional record.

---

* Contrary to respondents' contention, petitioner has consistently registered his concerns as to the credibility of this evidence.