■ In the Matter of CORNELL BOOSE, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [983 NYS2d 749]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with assault and creating a fire hazard. According to the report, petitioner set another inmate's bed on fire while that inmate was sleeping. Following a tier III disciplinary hearing, petitioner was found guilty as charged and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Finding a lack of substantial evidence to support the determination, we annul. Hearsay evidence in the form of confidential

information may constitute substantial evidence to support a determination of guilt if it is sufficiently detailed to allow the Hearing Officer to independently assess its reliability and credibility (*see Matter of Eugenio v Fischer*, 112 AD3d 1017, 1017 [2013], *lv denied* 22 NY3d 863 [2014]; *Matter of Carrasquillo v Rabsatt*, 109 AD3d 1036, 1037 [2013]; *Matter of Torres v Fischer*, 101 AD3d 1281, 1281-1282 [2012]). Here, the misbehavior report alleged that the authoring correction sergeant received information from several sources identifying petitioner as the culprit. However, the record contains no details of the confidential information allegedly implicating petitioner, and the confidential testimony relied upon by the Hearing Officer does not identify petitioner as the individual who started the fire (*see Matter of Torres v Fischer*, 101 AD3d at 1282). Significantly, the author of the misbehavior report did not testify as to what confidential information he was provided (*see Matter of Palermo v Fischer*, 110 AD3d 1293, 1293 [2013]). In view of the absence of this information from the record, the Hearing Officer was unable to independently assess the reliability and credibility of the confidential information, as he was required to do (*see Matter of Eugenio v Fischer*, 112 AD3d at 1017; *Matter of Carrasquillo v Rabsatt*, 109 AD3d at 1037; *compare Matter of Walker v Fischer*, 113 AD3d 977, 977 [2014]), and he, instead, impermissibly relied on the sergeant's assessment thereof (*see Matter of Rosa v Fischer*, 112 AD3d 1009, 1009 [2013], *lv denied* 22 NY3d 864 [2014]; *Matter of Carrasquillo v Rabsatt*, 109 AD3d at 1037; *Matter of Stone v Bezio*, 69 AD3d 1280, 1281 [2010]). Nor is there any other evidence in the record connecting petitioner to the fire. As a result, the determination was not supported by substantial evidence and must be annulled. Petitioner's remaining contentions are academic.

Peters, P.J., Stein, McCarthy and Rose, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record, restore any loss of good time and refund restitution charged against petitioner's account.