*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015                    520348
_____

In the Matter of JOSEPH BELILE,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

ST. LAWRENCE COUNTY SHERIFF'S
    DEPARTMENT, CORRECTIONS
    DIVISION, et al.,
                    Respondents.
_____

Calendar Date:  August 10, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                    _____

          Joseph Belile, Malone, petitioner pro se.

          Andrew S. Moses, County Attorney, Canton, for respondents.

                    _____

          Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination which found petitioner guilty of violating certain rules governing inmate conduct at the St. Lawrence County Correctional Facility.

          While petitioner was an inmate at the St. Lawrence County Correctional Facility, he was accused of making handwritten notations in a law book he borrowed from the law library.  As a result, he was charged with violating various rules governing inmate conduct at the facility.  Following a hearing, the Hearing Officer concluded that petitioner had made the notations and found petitioner guilty of the rule violations.  Petitioner took an administrative appeal and the determination was upheld.  He subsequently commenced this CPLR article 78 proceeding

challenging the determination.[1]

Upon reviewing the record, we find it to be wholly inadequate to support the determination at issue. The required hearing transcript is completely missing and, accordingly, we are unable to evaluate the testimony supporting the charges (see CPLR 7804 [e]). Significantly, although the Hearing Officer based the determination largely upon a comparison of the handwritten notations with samples of petitioner's handwriting, including the jail administrator's verification that the notations matched petitioner's handwriting, neither the handwriting samples nor any statements from the jail administrator are included in the record. In view of this, we conclude that the determination is not supported by substantial evidence and must be annulled (see generally Matter of Douglas v Goord, 24 AD3d 922, 923 [2005]). Given that petitioner has already served the penalty, expungement is the proper remedy (see Matter of Gomez v Coughlin, 227 AD2d 882 [1996]). Furthermore, petitioner should be reimbursed the $246.02 he was required to pay in restitution, as well as the $10 hearing fee (see Matter of Boose v Fischer, 116 AD3d 1296, 1297 [2014]).

Lahtinen, J.P., McCarthy, Lynch and Devine, JJ., concur.

---

[1] Petitioner was apparently transferred from local to state custody after the determination at issue, but that fact does not render the present proceeding moot. Petitioner seeks the return of monies he was forced to pay in restitution and, as such, his rights "will be directly affected by the determination of" this proceeding (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; see Matter of Charlotte's Fancy Restaurant, Inc. v City of New York, Dept. of Consumer Affairs, 69 NY2d 865, 867 [1987]; compare Matter of Barnes v Harling, 96 AD3d 1415, 1416 [2012], appeal dismissed and lv denied 19 NY3d 1011 [2012]).

ADJUDGED that the determination is annulled, without costs, and respondent St. Lawrence County Sheriff's Department, Corrections Division is directed to expunge all references to this matter from petitioner's institutional record and to refund the restitution and hearing fee imposed.

ENTER:

Robert D. Mayberger
Clerk of the Court